THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN SMITH, Defendant-Appellant.

---

THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* WILLIAM BONNER, Defendant-Appellant.

(Nos. 56404-5 cons.;

First District (3rd Division)—May 2, 1974.

Francis E. Andrew and Jack Welch, both of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (John Cutrone, Assistant State's Attorney, of counsel), for the People.

Richard L. Curry, Corporation Counsel, of Chicago (William R. Quinlan and Richard F. Friedman, Assistant Corporation Counsel, of counsel), for the City of Chicago.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The co-defendants, William Bonner and Steven Smith, were charged with battery and resisting a known police officer in the performance of his duties. In a trial without a jury, Bonner was found guilty of resisting the officer and Smith was found guilty of battery.

Both defendants contend that the proof was insufficient to support their convictions. Smith also contends that his actions constituted justifiable use of force.

Smith and Bonner were arrested following an altercation with Fred Schnabel, a Chicago policeman, on May 3, 1970. On that day they and about 500 other young men and women participated in a "Young Lords" and "White Panthers" march, protesting the killing of a member of one of the groups who had been shot to death by the police.

Schnabel was assigned to protect the rear of the parade. Wearing plain clothes and driving an unmarked car, he drove behind the last marchers. He testified that Bonner, who was walking at the end of the parade, blocked his car several times. He said that he got out of his car on two occasions, informed Bonner that he was a police officer and told him not to block his car again or he would be arrested. Schnabel first said he identified himself to Bonner on Division Street, but then said the identifications took place on Armitage Avenue. On cross-examination he said that the second identification was made in the middle of a block, but admitted that he had stated in a deposition that it occurred at a red traffic light.

Schnabel testified that when he reached the 1900 block on North

Lincoln Avenue, Bonner again blocked his car; he honked the car's horn but Bonner still did not move. He then got out of his car, walked to the front of it, showed Bonner his badge and told him that he was under arrest. Bonner responded, "Fuck you, copper," and turned to move away. The officer put his credentials back in his coat pocket and grabbed Bonner, but Bonner turned and hit him in the chest. The officer took hold of Bonner again and wrestled with him. At that point, Schnabel was seized from behind by Steven Smith, who, he said, hit him repeatedly in the side of the chest. Then he, Smith and Bonner fell to the ground.

Police officers at the scene came to Schnabel's aid and took Bonner and Smith into custody.

Officer Erkenswick, a policeman who had been walking in the parade about 25 yards ahead of the last marchers, testified that he saw Schnabel being struck by Smith and falling to the ground. He went to Schnabel's assistance and pulled Bonner and Smith away from him.

Bonner testified that he had heard Schnabel honk at him several times prior to the incident on Lincoln Avenue. He said, however, that Schnabel did not get out of his car and identify himself at any time. He stated that on Lincoln Avenue he stopped in front of Schnabel's car because Schnabel had driven so closely to him that the car brushed his leg. He was incensed by that act and ran to the car, stood in front of it and said, "Hit me, motherfucker," and then walked away. A moment later he was seized from behind; as he tried to pull away, he was spun around and fell to the ground.

Steven Smith testified that he was 5 or 6 feet away when he saw Schnabel grab Bonner. He ran over and tried to pull Schnabel off of Bonner, whom he did not know. He denied hitting Schnabel. He said that he was trying to help a fellow-marcher by breaking up the tussle. After the three of them fell to the ground, some other policemen attacked and choked him until he became unconscious. When he came to he was under arrest.

Three onlookers, William and Susan Webber and Roberta Smith, testified for the defense. None of them knew Bonner or Smith. Susan Webber and Roberta Smith had trailed the parade in their car. Schnabel's car was directly in front of them. They testified that they did not see him get out of his car, talk to Bonner or display his badge prior to the altercation. At that time they saw him grab Bonner but were unable to see what was in his hands because his car blocked their vision.

William Webber had been taking pictures of the march for a documentary film. He testified to what he saw through the viewfinder of his camera. He was about 15 feet away and had his camera on Schnabel

from the time that Schnabel left his car. He heard Schnabel say, "Hey you, I want you," and saw him run up to Bonner and seize him. He did not see him take out a badge nor did he hear him say, "I am a police officer. You are under arrest."

The film was introduced into evidence. It is out of focus until Schnabel is seen at the front of his car taking hold of Bonner. The film, therefore, does not show clearly the point where Schnabel asserts he showed his badge to Bonner, but it does show his grabbing Bonner, the struggle, Smith reaching for Schnabel and the three men falling to the ground. It does not show either Bonner or Smith hitting Schnabel. After they fell to the ground, the film shows Bonner and Smith being taken into custody. It does not show what happened in the interim because a passerby jostled Webber and a crowd gathered around the three men making it impossible for Webber to film the entire sequence.

■■ At the conclusion of the trial, the court found Smith guilty of battery and Bonner not guilty. In our opinion, the court was right as to Bonner but wrong as to Smith. The evidence raises a reasonable doubt of the guilt of both defendants. Bonner was 5 feet, 7 inches in height and weighed 170 pounds. Smith, who has a clubfoot, was 5 feet, 9 inches and weighed 160 pounds. Schnabel was 5 feet, 11 inches tall and weighed 195 pounds. Schnabel's testimony that Bonner turned and struck him after Bonner was seized and placed under arrest and that Smith struck him repeatedly before they fell down, was discredited by his own testimony, contradicted by the testimony of disinterested witnesses and completely refuted by the film. Blows, however, are not necessary to the commission of the offense of battery. Battery may be committed by any physical contact of an insulting, provoking nature. (Ill. Rev. Stat. 1969, ch. 38, par. 12—3(a)(2).) By jumping on Schnabel, Smith committed an act which under other circumstances could have been a battery. But Smith was simply coming to the defense of another person. He saw two men struggling and he tried to get the attacker, who was the taller and heavier person, off of the smaller one. His belief that his action was necessary to protect the smaller person from unlawful force was reasonable under the circumstances. Therefore, the force used by Smith to break up the struggle was justifiable. Ill. Rev. Stat. 1969, ch. 38, par. 7—1.

■■ The court found Bonner guilty of resisting arrest and Smith not guilty. In our opinion, the court was right in both instances. There was no evidence that Smith resisted arrest. Bonner, however, admitted that he tried to pull away from Schnabel after he was seized. He defends this act, which could constitute resisting arrest, by contending that he did not know that Schnabel was a policeman. Schnabel testified that he

twice identified himself to Bonner during the parade. Bonner denied this and Susan Webber and Roberta Smith did not see Schnabel speak to Bonner while the march was in progress. Schnabel said that he displayed his badge to Bonner just before arresting him. Bonner said he did not. The women did not know whether Schnabel had his badge in his hand because their view was obstructed. The motion picture was of no help because it was out of focus at this time. The defense points out that since the blurred portion of the movie is of less than two seconds duration, Schnabel would have had to show his badge, inform Bonner that he was under arrest and put his badge away—which they assert is highly unlikely in that limited time.

While unlikely, it was not impossible—particularly if Schnabel carried his badge in a side pocket of his coat. A factor that gave credence to Schnabel's version of what occurred just prior to the arrest, was his testimony that Bonner used obscene language which included the word "copper" and Bonner's admission that he used language even more obscene. If Bonner used the word "copper," it indicated that he knew Schnabel was an officer of the law. The trial judge chose to believe Schnabel on this point and his determination of the evidence, which we do not find to be obviously erroneous, adequately supports a conviction of resisting arrest by one known to be an officer of the law.

The defense argues that Schnabel's testimony which was not believed when he said that Bonner struck him, should not have been believed when he said he showed his badge to Bonner. The defense suggests that the court believed Schnabel on the second point only because he was a police officer. Had the court believed Schnabel because he was a policeman, it would have been error. The testimony of a policeman is not automatically entitled to credibility. (See *People v. Catavdella* (1964), 31 Ill.2d 382, 202 N.E.2d 1, and *People v. Quintana* (1968), 91 Ill.App.2d 95, 234 N.E.2d 406.) However, the court's findings show that it did not believe Schnabel merely because he was a police officer. The court acquitted Bonner of battery despite Schnabel's testimony.

■■ The defendant cites *People v. Ethridge* (1971), 131 Ill.App.2d 351, 268 N.E.2d 260, and *People v. Griffin* (1967), 88 Ill.App.2d 28, 232 N.E.2d 216, to support his argument that if the court disbelieved Schnabel on one point it should have disbelieved him on the other. *Ethridge* and *Griffin* do not apply to the facts in this case. In those cases, the evidence against each of two co-defendants consisted of basically the same testimony, yet one defendant was convicted and the other was not. We held that since the testimony against the defendant who was found not guilty was the same or greater than the testimony against the one found guilty, both should have been treated alike. In this case, Schnabel testi-

fied to distinct crimes and the exact testimony was not used to prove each offense. Moreover, there were different standards of proof for the two offenses. Resisting arrest, a violation of the Municipal Code of Chicago (chapter 11, section 33), is a municipal violation. A municipal violation must be proven by a clear preponderance of the evidence. (*City of Highland Park v. Curtis* (1967), 83 Ill.App.2d 218, 226 N.E.2d 870.) Battery, on the other hand, is a violation of the State criminal code (Ill. Rev. Stat. 1969, ch. 38, par. 12—3) and must be proven beyond a reasonable doubt. The court found that the lesser burden of proof for resisting arrest was satisfied, but that the greater burden of proof required to support a conviction for battery was not.

The conviction of William Bonner for resisting arrest is affirmed and the conviction of Steven Smith for battery is reversed.

Affirmed in part; reversed in part.

McNAMARA, P. J., and McGLOON, J., concur.