THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES EARL ROPER, Defendant-Appellant.

First District (2nd Division)   No. 81—2827

Opinion filed August 2, 1983.

Steven Clark and Elizabeth Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Mi-

chele A. Grimaldi, and Thomas Gearen, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Following a bench trial, defendant, James Earl Roper, was convicted of two counts of battery (Ill. Rev. Stat. 1981, ch. 38, par. 12—3). Count 1 charged defendant with committing a battery upon one Nancy Chalmers (Chalmers) and count 2 charged him with committing a battery upon his estranged wife, Patricia Roper (Roper). The court sentenced defendant to concurrent one-year terms of reporting supervision and, as conditions of the supervision, ordered him to: avoid all contact with his wife; receive treatment for alcoholism; and spend 24 hours in jail. On appeal, defendant contends that: (1) he was not proven guilty beyond a reasonable doubt; (2) the court improperly sentenced him to a jail term as a condition of supervision; (3) his prosecution in this cause violated an agreed injunction order entered in the domestic relations division of the circuit court of Cook County; and (4) he was denied the right to effective assistance of counsel.

Roper testified that at approximately 12 a.m. on August 19, 1981, she and her friend Chalmers came out of a bowling alley and found that two tires on Chalmers' car had been slashed. They drove to Chalmers' house to check on her children, then went to Roper's house and found that two of Roper's car tires had also been slashed. They then drove to defendant's place of employment to ask him to stop harassing them. Defendant, who was in his car with a friend, saw them pull up and got out to meet them. When Roper asked him why he was harassing them, he punched her in the jaw and continued to hit her on the head and in the stomach and ribs until Chalmers shouted at him to stop. Defendant responded by hitting and kicking Chalmers until she secured refuge in Roper's car. Defendant then resumed beating Roper until Chalmers pulled the car around and helped her escape.

Despite defendant's threat that if they went to the police he would slash their tires again, Chalmers and Roper drove immediately to a police station to report the incident. When they left the station, they found that someone had slashed the tires on the car belonging to Roper's mother which they had driven to the station. The police drove them home because Roper learned that defendant was at her house, smashing her car and threatening other people.

Chalmers essentially corroborated Roper's testimony.

Defendant testified that at the time of the incident, he was sitting in his car with a friend. Roper came to the car and accused him of

slashing her tires. When he called her a liar, she punched him in the eye. He further stated that on a previous occasion, she had walked into a tavern and hit him on the head. Defendant admitted hitting both Roper and Chalmers during the incident in question, but claimed that he did so in self-defense.

Defendant's first contention, that he was not proven guilty beyond a reasonable doubt, is based upon his interpretation of complainants' testimony. In a bench trial, it is the province of the trial court to determine the credibility of the witnesses and the weight to be given their testimony. The court's findings will not be disturbed on review unless they are palpably erroneous. *People v. Lester* (1981), 102 Ill. App. 3d 761, 430 N.E.2d 358.

Although complainants' testimony as to which tires were slashed first and which car they were driving at any given time was unclear, minor discrepancies in testimony do not render it unworthy of belief and affect only the weight to be given such testimony. (*People v. Reed* (1980), 84 Ill. App. 3d 1030, 405 N.E.2d 1065.) Neither the prosecutor nor defense counsel attempted to dispel any confusion on this point, which did not involve the central issue of the battery in any event. As to the issue of battery, both complainants testified that defendant initiated the fight by punching Roper and then Chalmers when she tried to intervene. They stated that neither had been drinking that night and had sought out defendant only to tell him to stop harassing them. The circuit court had the right to believe their testimony and disbelieve defendant's claim of self-defense.

Defendant next contends that the court erred in imposing a 24-hour jail term as a condition of supervision. Sections 5—6—1 and 5—6—3.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, pars. 1005—6—1, 1005—6—3.1) authorize orders of supervision and list conditions which the court may impose, including, *inter alia*, the payment of fines and costs, vocational training, treatment for alcoholism and restitution. Although section 5—6—3.1(c) specifically states that in addition to those conditions listed, the court may impose "other reasonable conditions relating to the nature of the offense or the rehabilitation of the defendant as determined for each defendant in the proper discretion of the court" it does not include any mention of incarceration. The concept of supervision therefore is more in keeping with a continuance, pending the defendant's good conduct, with the potential dismissal of the charges (*People v. Tarkowski* (1981), 100 Ill. App. 3d 153, 426 N.E.2d 631) upon acceptable compliance.

In ascertaining legislative intent, statutes upon related subjects may be considered, although not strictly *in pari materia*. (*People*

*v. Boreman* (1948), 401 Ill. 566, 571, 82 N.E.2d 459, *cert. denied* (1949), 336 U.S. 927, 93 L. Ed. 1088, 69 S. Ct. 649.) If the legislature had intended to include incarceration as one of the "reasonable conditions" which may be imposed in the court's discretion, it could have so provided as it did in the statute specifying conditions of probation. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—3(b)(1).) Also of significance is the fact that the legislature set forth limits as to the term length of periodic imprisonment which may be prescribed as one of the conditions or probation (Ill. Rev. Stat. 1981, ch. 38, pars. 1005—6—3(b)(1), 1005—7—1); no such limits appear in the supervision statute, which involves a lesser penalty. This omission is yet another indication that the legislature did not contemplate the imposition of a jail term as compatible with an order of supervision. Since the 24-hour jail sentence in the present case was not statutorily authorized, it must be reversed.

▊ Defendant next contends that his prosecution violated the terms of an agreed injunction order entered in the domestic relations division. The injunction, entered six days after the instant complaint was filed, is worded in part as follows:

"Mutual injunction: Each of the parties, their respective friends and families, until further order of Court, are mutually restrained from \*\*\* prosecuting any action of any kind or nature (including criminal action) against each other \*\*\*."

As previously noted, the injunction order was entered six days after Roper and Chalmers filed their complaints and cannot be read retrospectively. Although Roper may have filed the complaint initially, it is the State, of course, not the complaining witness, which was responsible for prosecuting defendant and it was the State's decision, not Roper's, as to whether or not to continue to prosecute the action. Chalmers, who was also a victim of defendant's conduct, was not subject to any restraint in aiding the State's prosecution of defendant in any event. Finally, equity generally will not enjoin the prosecution of a crime. *Brown v. City of Chicago* (1953), 351 Ill. App. 366, 115 N.E.2d 354.

▊ ▊ Defendant's last contention is that he was denied his right to the effective assistance of counsel, citing *People v. Wallace* (1982), 106 Ill. App. 3d 580, 435 N.E.2d 1322, because his trial counsel, appointed on the day of trial, was ineffective due to the lack of opportunity to interview witnesses and discover any possible defenses.

In considering a charge of ineffective assistance of counsel, the totality of defense counsel's conduct must be weighed. (*People v. Murphy* (1978), 72 Ill. 2d 421, 435-37, 381 N.E.2d 677.) His overall per-

formance must be of such a caliber as to produce substantial prejudice without which the result of the trial would have been different. (*People v. Greer* (1980), 79 Ill. 2d 103, 121, 402 N.E.2d 203; *People v. Withers* (1983), 115 Ill. App. 3d 1077; *People v. Talley* (1981), 97 Ill. App. 3d 439, 422 N.E.2d 1084.) The principal incompetence alleged by defendant here is that different counsel would have been better able to question witnesses concerning the injunction order. As previously discussed, the injunction referred to had no application to the case at bar. Furthermore, the court in *People v. Wallace* specifically noted that its decision was based upon the accumulation of particular factors in that case, not for the proposition that ineffective assistance will be found in all cases where counsel is appointed on the date of trial. Defendant here has failed to establish either that his counsel was incompetent or that his conduct caused substantial prejudice as to have probably changed the result of the trial.

Accordingly, defendant's convictions for battery and the one-year period of supervision are affirmed; the order of incarceration as a condition of supervision is reversed and vacated.

Affirmed in part; reversed in part.

DOWNING, P.J., and PERLIN, J., concur.