THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE MARGIOLAS, Defendant-Appellant.

First District (2nd Division)   No. 82—2606

Opinion filed August 23, 1983.—Rehearing denied September 26, 1983.

Robert A. Novelle, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Bruce A. Cardello, and Adam Dabek, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Defendant, George Margiolas, was charged in a one-count indictment with the offense of rape. (Ill. Rev. Stat. 1979, ch. 38, par. 11—1.) Following a bench trial, defendant was found guilty of the lesser included offense of misdemeanor battery based on contact of an insulting or provoking nature. (Ill. Rev. Stat. 1979, ch. 38, par. 12—

3(a)(2).) The sentence imposed was that of one-year probation, with the special condition that defendant spend 90 days in the Cook County Work Release Center.

Two grounds for reversal are presented by defendant: first, that misdemeanor battery based on an insulting or provoking contact is not a lesser included offense of rape; and second, that the evidence failed to show beyond a reasonable doubt that he committed a simple battery on the complainant.

On November 14, 1981, at approximately 11:30 p.m., complainant drove alone to a restaurant where defendant was employed as a cook. Upon her arrival, complainant, believing the restaurant to be open, entered and asked defendant for a sandwich. Defendant refused, stating that they were closed for the night; however, due to complainant's persistence, defendant offered her a piece of cheese which she refused to eat. Complainant then indicated a desire to leave the premises, at which point defendant took hold of her arm and escorted her toward an exit located in a rear bedroom of the building.

Once in this bedroom, defendant attempted to unbutton complainant's blouse, telling her "Come on, baby. Give me some." Despite complainant's verbal objection "Don't do that!" accompanied by her attempt to stop him by grabbing his hand, defendant continued to fumble with her blouse until it was unbuttoned halfway. Using his hand, defendant forced complainant to sit on a bed, and then proceeded to pull down her pants and underpants. While defendant unzipped his trousers, complainant laid back on the bed and told him, "Just don't hurt me." Defendant then got on top of complainant and had sexual intercourse with her.

Immediately following the act of intercourse, defendant ran into another room. Complainant repeatedly called for him, but he did not respond. She thereupon left the building through a door located directly next to the bed. This door had been ajar approximately two inches during the entire incident. Complainant drove home and then, after talking with her two daughters, notified the authorities at approximately 1 a.m. and thereafter was taken to St. Bernard's Hospital where she was treated and released.

On November 27, 1981, complainant identified defendant in a police lineup as the man who had nonconsensual sexual intercourse with her on the night of November 14, 1981. Defendant was subsequently charged in a one-count indictment with having committed the offense of rape.

At trial, the court granted defendant's motion for a directed finding as to the rape charge due to the lack of evidence of resistance, as

well as the lack of evidence of "futility for fear." The lower court then ordered the trial to proceed as to the lesser included offense of battery based on contact of an insulting or provoking nature. The defense, however, decided to rest at this point. The court thus entered a finding of guilty predicated on the fact that, though there was no manifestation of resistance on part of complainant so as to indicate use of force by defendant, the evidence clearly showed that complainant "absolutely had no interest *** in Mr. Margiolas or his advances." It is from this conviction which defendant now appeals.

I

■■ ■ Defendant initially contends that, as a general proposition, simple battery based on contact of an insulting or provoking nature is not a lesser-included offense of rape. We disagree.

In order to sustain a conviction for a lesser offense on an indictment charging only a greater offense, every element of the lesser must be included in the greater. *People v. King* (1966), 34 Ill. 2d 199, 200, 215 N.E.2d 223; see also *People v. Smith* (1980), 78 Ill. 2d 298, 306, 399 N.E.2d 1289.

The trial court in the present case granted defendant's motion for a directed finding as to the rape charge since the facts failed to demonstrate evidence of resistance or futility for fear. However, defendant was subsequently convicted of misdemeanor battery under section 12—3(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 12—3(a)(2)), which provides that: "A person commits battery if he intentionally or knowingly without legal justification and by any means, *** makes physical contact of an insulting or provoking nature with an individual."

In support of defendant's argument that battery based on an insulting or provoking contact is not a lesser included offense of rape, he relies heavily on *People v. Mays* (1982), 91 Ill. 2d 251, 437 N.E.2d 633. This reliance, however, is misplaced since the *Mays* court held only that battery based on bodily harm is not a lesser included offense of rape. (91 Ill. 2d 251, 256.) Furthermore, we note that the *Mays* court specifically stated that it was not deciding whether battery based on insulting or provoking contact was a lesser included offense of rape. 91 Ill. 2d 251, 254.

We therefore read *Mays* as providing, for purposes of a lesser included offense of rape, an explicit distinction between battery based on bodily harm, as opposed to battery based on contact of an insulting or provoking nature. The former is not an included offense of rape since bodily harm is not an element of the definition of rape. Quite to

the contrary, however, is the undeniable verity that inherent in every crime of rape is an intentional physical contact of an outrageously insulting, as well as provoking, character. Each element of this second classification of misdemeanor battery is clearly circumscribed by the greater offense of rape since the lesser offense is "established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the [greater] offense charged ***." Ill. Rev. Stat. 1981, ch. 38, par. 2—9(a).

As a result of the inherent relationship between these two crimes, we hold that a conviction for the lesser included offense of simple battery based on insulting or provoking contact can be sustained on an indictment charging the greater offense of rape.

## II

■ Next, we consider defendant's contention that the trial court's finding of no force is, in effect, a finding of consent on part of complainant to the act of intercourse. Thus, it is maintained that the misdemeanor battery conviction was improper. We find this assertion to be without merit.

In criminal bench trials, it is for the trial judge to hear the testimony and determine the credibility of witnesses; hence, "[w]here the truth lies is a matter peculiarly for the trier of fact, and it is not for a reviewing court to substitute its opinion therefor." (*People v. McNair* (1979), 71 Ill. App. 3d 782, 788, 390 N.E.2d 142.) Moreover, an appellate court should not disturb a finding of guilty unless the proof is so unsatisfactorily or implausible as to justify a reasonable doubt as to a defendant's guilt, or where the evidence presented by the prosecution is improbable, unconvincing or contrary to human experience. *People v. Eichelberger* (1980), 81 Ill. App. 3d 1012, 1015, 401 N.E.2d 1208.

From a review of the record in the present case, it is readily discernible that the trial court was thoroughly convinced of the nonconsensual nature of the act of intercourse between complainant and defendant. We regard such a characterization to be well founded. For, complainant was 56 years old at the time of the incident, whereas defendant was only 27; complainant was forced to sit on a bed as a result of pressure from defendant's hand; complainant testified that she was frightened throughout the entire incident, and that she pleaded with him, "Just don't hurt me, please. Don't hurt me!"; and, defendant persisted in unbuttoning complainant's blouse despite her verbal objection "Don't do that!" accompanied by her attempt to stop him by grabbing his hand. Defendant, in fact, concedes in his brief

that this unbuttoning of complainant's blouse constituted forcible conduct.

Our review of Illinois decisional law concerning misdemeanor battery based only on insulting or provoking contact indicates that criminal prosecutions for this misconduct, falling short of any minimal degree of bodily harm, are indeed rare. Following is a brief review of other instances of conduct held to be simple battery based solely on insulting or provoking physical contact: *People v. Hamilton* (1980), 81 Ill. App. 3d 297, 301, 401 N.E.2d 318, *appeal denied* (1980), 81 Ill. 2d 595 (where defendant reached around the female complainant and placed his hand over her mouth); *People v. Siler* (1980), 85 Ill. App. 3d 304, 406 N.E.2d 891, *appeal denied* (1980), 81 Ill. 2d 598 (where defendant lifted up complainant's dress during a confrontation having sexual overtones); and *People v. Smith* (1974), 19 Ill. App. 3d 704, 312 N.E.2d 355 (where defendant jumped on complainant-police officer during a protest march).

In essence, we believe that the nonconsensual nature of the act of intercourse in this case, coupled with defendant's persistence in forcibly unbuttoning complainant's blouse despite her verbal as well as physical objections, clearly evinces an insulting and provoking degree of touching intentionally undertaken by defendant. In our opinion, based upon the record, the proof of this unpermitted physical contact was not so unsatisfactory or implausible as to justify a reasonable doubt as to defendant's guilt of the crime of misdemeanor battery. Nor was the evidence presented by the prosecution, concerning complainant's nonconsent, improbable, unconvincing or contrary to human experience. *People v. Eichelberger* (1980), 81 Ill. App. 3d 1012, 1015.

For the reasons set out herein, we affirm the judgment of the circuit court of Cook County.

Affirmed.

STAMOS and HARTMAN, JJ., concur.