THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD F. WILKINSON, Defendant-Appellant.

First District (3rd Division)   No. 1—86—3534

Opinion filed February 14, 1990.

662

Karen G. Fisher, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Kenneth T. McCurry, Lynda A. Peters, and Elizabeth Sklarsky, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Defendant-appellant, Edward F. Wilkinson (Wilkinson), appeals his battery conviction and sentence. After a bench trial, the court sentenced him to a one-year conditional discharge, a $500 fine, and prohibited him from having any contact with the complaining witness.

On appeal, Wilkinson argues that (1) the evidence was insufficient to prove him guilty beyond a reasonable doubt; (2) there was a prejudicial variance between the charge and proof at trial; (3) the trial court erred in denying motions for a new trial and in arrest of judgment; and (4) the trial court erred in failing to sentence him to a term of court supervision. We affirm.

At the time of the alleged incident, Wilkinson was a 58-year-old married father of one, suffering from multiple sclerosis. Wilkinson walked with the assistance of two canes. He operated a small bus service, consisting of one station wagon. Wilkinson transported employees of the Service to Mankind organization, also known as Sertoma, which offered programs for handicapped persons. Wilkinson, a charter member of Sertoma and a member of the board of directors of several of its chapters, has a bachelor of science degree in business administration.

The complaining witness, Elizabeth Kruczek, was 24 years old at the time of trial and an employee of Sertoma. Kruczek began her ridership with the Wilkinson Bus Service on July 2, 1984. At that time, the Department of Rehabilitative Services paid Kruczek's transportation costs. In February 1985, Kruczek's subsidy with the Department expired and Wilkinson agreed to transport her while she obtained the means to pay for the service. Wilkinson occasionally offered to transport Kruczek's mother and brother free of charge.

In August 1985, Wilkinson advised Kruczek that he would begin charging her for the transportation service and presented her with a bill in September 1985 for $50. Kruczek paid this bill and was charged $57.50 for the services provided in October. Kruczek did not pay the October bill and was additionally charged for services for three days in November when Wilkinson arrived to transport her and she was not there. Sertoma subsequently paid the charges.

The day after Wilkinson presented her with the October bill, November 1, 1985, Kruczek reported the alleged May 9, 1985, battery to a Sertoma employee. Kruczek rode with Wilkinson for six months from May through October 1985 before reporting the incident. Ten months after the alleged battery, Kruczek, accompanied by two Sertoma staff members, reported the incident to the Alsip police and filed a complaint against Wilkinson.

The State initially charged Wilkinson with criminal sexual abuse and alleged that Kruczek was unable to understand the nature of the act or give knowing consent. Upon leave of court, the complaint was stricken and the State filed the battery complaint.

On May 9, 1985, the date of the alleged battery, Wilkinson drove Kruczek to an Illinois Secretary of State facility so that she could obtain an identification card. According to Kruczek, when she returned to the car, Wilkinson drove into a parking lot, parked the car and asked her why she did not want to have sexual relations with him. Kruczek testified that she did not answer, Wilkinson unbuttoned her blouse and touched her breast. Kruczek told Wilkinson to stop and removed his hand from her blouse. Wilkinson then unbuttoned and unzipped her pants and put his hand inside her pants. Kruczek removed his hand from her pants and again asked him to stop. Wilkinson denied unbuttoning and unzipping her clothes, and placing his hand inside her blouse and pants.

Both Wilkinson and Kruczek testified that after leaving the parking lot, Wilkinson drove to a restaurant and they ate breakfast. Thereafter, Wilkinson told Kruczek that he had other business to attend to and to take the bus home. Kruczek testified that she did not immediately tell anyone about the incident because she was afraid. Wilkinson acknowledged that he was aware of Kruczek's handicap.

Eleanor Opon testified that her daughter, who was blind and had minimal brain damage, rode with Wilkinson Bus Service for approximately 10 years, never complained about Wilkinson's conduct in the vehicle and was satisfied with his service. In addition, Reverend John Willis testified that Wilkinson's reputation within the church congregation was "absolutely impeccable."

The court found Wilkinson guilty of battery. Specifically, the court found that the incident had occurred as related by Kruczek and that the touching of those areas of the female anatomy was insulting. The court found that Wilkinson was a person "not to be believed," given his evasive and self-serving testimony. The court denied the motions for a new trial and in arrest of judgment. This appeal followed.

Wilkinson first argues that the only evidence to support the battery charge, Kruczek's testimony, failed to establish the elements of the crime of battery, was totally unsatisfactory and provided reasonable doubt of his guilt. We disagree.

■ It is the province of the trial court to determine the credibility of the witnesses and the weight to be given their testimony. (*People v. Roper* (1983), 116 Ill. App. 3d 821, 824, 452 N.E.2d 748, 749-50.) The trial judge is in a superior position to judge the credibility of the witnesses. (*People v. Silver* (1986), 151 Ill. App. 3d 156, 162, 502 N.E.2d 1141, 1146.) Where the truth lies is a matter peculiarly for the trier of fact, and it is not for a reviewing court to substitute its opinion therefor. *People v. Margiolas* (1983), 117 Ill. App. 3d 363, 366, 453 N.E.2d 842, 845.

■ The trial court's finding of guilt should only be disturbed if the proof at trial was so unsatisfactory that it justified a reasonable doubt as to defendant's guilt. (*People v. Margiolas* (1983), 117 Ill. App. 3d 363, 366, 453 N.E.2d 842, 845.) The trial court's findings will not be disturbed on review unless they are palpably erroneous. (*People v. Roper* (1983), 116 Ill. App. 3d 821, 824, 452 N.E.2d 748, 750.) Moreover, a conviction may not be reversed unless after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Pintos* (1989), 133 Ill. 2d 286, 292.

■ A person commits a battery when he either intentionally or knowingly, and without legal justification, makes physical contact of an insulting or provoking nature with an individual. (Ill. Rev. Stat. 1985, ch. 38, par. 12—3(a).) Kruczek testified that Wilkinson unbuttoned her blouse, placed his hand on her breast, and that after she removed his hand and asked him to stop, he unbuttoned and placed his hand in her pants. Her testimony is not so unsatisfactory as to establish a reasonable doubt of Wilkinson's guilt.

Wilkinson further argues that the nature of these acts is not insulting because there was no struggle and Kruczek did not testify that she was upset, traumatized or disturbed by the acts. Moreover, Wilkinson asserts that it may be inferred that Kruczek was not insulted since she joined him for breakfast. We find that Wilkinson's unfastening of Kruczek's clothes and placing his hand under her garments after she asked him to stop and removed his hand constitutes insulting conduct and a violation of the battery statute. *People v. Hayes* (1976), 37 Ill. App. 3d 772, 347 N.E.2d 327.

■ Without citation to authority, Wilkinson argues that the court

improperly permitted the State to refer to the criminal sexual abuse charge when the assistant State's Attorney inquired of the defendant as to Kruczek's mental capabilities. We find that Kruczek's mental capability is relevant to, *inter alia*, an examination of her response to his unsolicited sexual acts so as to determine whether his acts were insulting. In addition, Wilkinson's familiarity with her diminished capability is relevant to proving that he committed a battery. Accordingly, inquiry into Kruczek's mental abilities did not constitute prejudicial error.

Wilkinson further argues that the trial court erred in its denial of the motions for a new trial and in arrest of judgment. The motion in arrest of judgment states that the complaint fails to properly charge an offense because the factual allegations were insufficient to charge a battery. The complaint states in pertinent part that the defendant "intentionally without legal justification made physical contact of an insulting nature with an individual, to wit: Elizabeth Kruczek, by placing his hand inside her blouse and attempting to fondle her breast and placing his hand inside the front of her pants and attempting to touch her vagina."

■ As previously stated herein, the mere touching of these areas after the complaining witness has voiced and/or demonstrated resistance and a lack of consent constitutes a battery. The charging instrument is designed to inform the accused of the nature of the offense with which he is charged so that he may prepare a defense and to make certain that the named offense may constitute a bar to subsequent prosecution arising out of the same conduct. (*People v. Shelby* (1984), 123 Ill. App. 3d 153, 158, 462 N.E.2d 761, 765.) Here the facts alleged provided a sufficient basis for and notice of the battery charge.

■ The motion for a new trial asserts that the evidence of the alleged battery was insufficient and uncorroborated. The testimony of the complaining witness can be sufficient to establish guilt beyond a reasonable doubt even when the testimony of that witness conflicts with that of the defendant. *People v. Bonner* (1979), 68 Ill. App. 3d 424, 427, 386 N.E.2d 366, 369.

■ Wilkinson asserts that all arguments raised in the motion for a new trial are incorporated by reference in the brief. An appellant may not make a point merely by stating it without presenting arguments in support of it; this court may deem waived any issue that has not been adequately presented to the court for review. (*Northern Trust Co. v. St. Francis Hospital* (1988), 168 Ill. App. 3d 270, 283, 522 N.E.2d 699, 707.) Accordingly, we hold that plaintiff has waived

all issues not argued in the brief. Moreover, we find that the trial court provided a fair and orderly review such that the denial of the motion for a new trial was not an abuse of discretion.

Lastly, appellant argues that the trial court erred in failing to grant an order for supervision and that the court was biased and unfair in sentencing him to one year of conditional discharge and imposing a $500 fine. The presentence investigation report indicated that Kruczek was developmentally disabled. Her special education teacher estimated that her intelligence quotient was between 60 and 65. In a presentence investigation interview, Kruczek stated that prior to the incident, Wilkinson had made other advances toward her. She was the first passenger in the car in the morning and the last passenger in the evening. For approximately one year, Wilkinson placed his hand on the car seat as she sat down, causing her to sit on his hand. On numerous occasions, he asked her to engage in sexual relations and when she declined, he harassed her.

■ The imposition of a sentence is a matter of judicial discretion, and absent an abuse of the discretion, the trial court's sentence may not be altered on review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883.) In sentencing Wilkinson, the trial judge stated that he would not consider granting a sentence of supervision because of "the nature of the charge, the circumstances of the charge and the facts of the case," and that "to consider supervision *** would be to decry the intent of the supervision statute." We do not find an abuse of discretion with respect to the sentence imposed.

Accordingly, we affirm the conviction and the sentence.

Affirmed.

WHITE and FREEMAN, JJ., concur.