**Robert SIMMONS, Plaintiff–Appellant,**

v.

**Ronald PRYOR and City of Evanston,
Defendants–Appellees.**

No. 92–2462.

United States Court of Appeals,
Seventh Circuit.

Argued April 2, 1993.

Decided Sept. 9, 1993.

Opinion Corrected June 8, 1994.*

---

* Due to a typographical error in the order dated December 14, 1993, which amended this opinion, a correct paragraph was dropped and a paragraph intended to be deleted was left in the opinion. The present correction restores the erroneously dropped paragraph and deletes the paragraph earlier intended to be dropped.

Kenneth N. Flaxman (argued), Chicago, IL, for plaintiff-appellant.

Jack M. Siegel (argued), Brian C. Witter, Jeremy D. Margolis, Altheimer & Gray, Chicago, IL, for defendants-appellees.

Before CUDAHY and ROVNER, Circuit Judges, and REAVLEY, Senior Circuit Judge.**

CUDAHY, Circuit Judge.

Robert Simmons brought this § 1983 action alleging, *inter alia*, deprivations of his Fourth and Fourteenth Amendment rights in being arrested without probable cause. The district court granted defendants' motion for summary judgment on the ground that his arrest did not lack probable cause because a state judicial officer found probable cause in the complaint against Simmons. Because we find that the record establishes that there is no genuine issue of fact as to the existence of probable cause, we affirm.

I.

On the morning of October 14, 1989, City of Evanston police officers Duane Struchen and Jacqueline Collins responded to a report of a domestic disturbance. When they arrived at the designated address, the officers discovered Robert Simmons, whom they knew as a fellow Evanston police officer, and a woman identified as his wife, Patricia, involved in an altercation. After the officers separated the two and controlled the situation, both husband and wife complained of battery by the other. Patricia informed Officer Collins that her father was Lieutenant Ronald Pryor of the Evanston Police Department, that she had an order of protection against Simmons from a prior incident and that she wanted to sign a complaint against him.

Sergeant Charles Wernick then arrived on the scene. After evaluating the situation, Wernick called Lieutenant Pryor, who was the Watch Commander on duty at the time, and informed him of the situation. Wernick told Pryor that the order of protection had expired and that he thought it best that everyone go to the police station to sort out the incident. Wernick and Pryor agreed that, given his relationship to the parties, Pryor should let Wernick handle the case.

Upon arriving at the police station, Officer Wernick called Assistant State's Attorney Steve Laramore, who, after being informed of the circumstances, suggested that criminal charges not be brought but that the matter be left to the civil court that had issued the protective order. Pryor overheard part of this phone conversation, and when informed of the prosecutor's advice, initially went along with the recommendation. Simmons, who had been waiting at the police station for a number of hours, was told that he could

---

** The Honorable Thomas M. Reavley of the United States Court of Appeals for the Fifth Circuit is sitting by designation.

leave, and Officer Collins told Patricia that no charges would be filed.

Patricia then went to her father, told him what had happened and insisted upon filing a criminal complaint against Simmons. Pryor spoke with his grandson, Robert, Jr., and another relative, Dawn Byrd. Robert, Jr., told Pryor that his father had come to pick him up for football practice, but upon seeing a car belonging to one of Patricia's friends, drove around the block, parked the car, retrieved a gun from his trunk and forced Robert, Jr., to open the door to the house. Both Robert, Jr., and Dawn Byrd told Pryor that Simmons had entered the house and that a fight ensued. Neither Dawn nor Robert, Jr., however, were able to tell Pryor who instigated the altercation.

Realizing the situation he was in, Pryor attempted to call his immediate superior, Commander Schroeder, but Schroeder could not be reached. Pryor then contacted Deputy Chief James Edwards who instructed Pryor to follow the department's general order involving complaints of domestic violence.[1] According to Deputy Chief Edwards, if there is probable cause for a complaint to be signed, the order instructs that a complaint should be signed. The general order, which is patterned on the Domestic Violence Act, 750 ILCS 60/304 (1992), also instructs officers that the victim should be informed of his or her rights and encourages the police to get more involved in calls relating to a domestic disturbance in order to persuade more victims of domestic violence to file complaints.

When Edwards came into the station, Pryor and Sergeant Wharton told him that a complaint and emergency order of protection were being drawn up. Patricia was then taken to the home of Judge Loverde of the Circuit Court of Cook County, where she told him of the events of that morning. Judge Loverde signed the emergency order of protection and found probable cause for the complaint. Simmons was arrested but was acquitted of the battery charge on May 3, 1990.

One year later, Simmons filed this suit pursuant to 42 U.S.C. § 1983. Count I of the complaint alleged that Simmons was deprived of his Fourth Amendment rights when he was arrested at Pryor's direction without probable cause. Count II alleged that Pryor's misconduct deprived Simmons of substantive due process secured by the Fourteenth Amendment. Count III raised a state law claim for malicious prosecution and added the City of Evanston in its capacity as Pryor's employer.

The defendants subsequently filed a motion for summary judgment arguing (1) that there can be no dispute that there was probable cause for the arrest because the state judge found probable cause for the complaint, (2) that the substantive due process claim was not predicated upon a cognizable property or liberty interest and (3) that the state claim for malicious prosecution was meritless and, in any event, that the court had no jurisdiction to address the pendent claim once the federal claims had been rejected.

The district court granted the defendant's motion and awarded judgment against the plaintiff on each count. The court concluded that the finding of probable cause by the state judge precluded a determination that the defendants acted inappropriately. Thus, the court rejected the false arrest, substantive due process and malicious prosecution claims. No. 91 C 2686, Mem.Op. and Order, 1992 WL 92055 (N.D.Ill. Apr. 23, 1992).

On a motion for reconsideration, the district court distinguished authority cited by the plaintiff that a finding of probable cause at an *ex parte* state court hearing is not entitled to preclusive effect in a subsequent civil rights action. *See Bailey v. Andrews,* 811 F.2d 366 (7th Cir.1987). The court noted that the complaint in this case did not challenge the integrity of the evidence presented at the probable cause hearing, but merely the state judge's finding. That finding, the

---

1. Deputy Chief Edwards stated in his deposition that, in his opinion, the general order had not been followed when Patricia was not permitted to file a complaint. He also stated that calling the state's attorney in a case like this, i.e., one not involving serious injury, was "out of the ordinary."

court held, cannot be second-guessed. No. 91 C 2686, Mem.Op. and Order (N.D.Ill. May 21, 1992). The plaintiff appeals.

## II.

■ We review the grant of summary judgment *de novo. Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). To affirm, we must conclude that the record and all inferences drawn from it, viewed in the light most favorable to Simmons, the non-movant, establish that no genuine issue of a material fact exists. Fed.R.Civ.P. 56(c).

■ The plaintiff argues that the district court erred in giving preclusive effect to the state judge's finding of probable cause. We agree. The Supreme Court in *Malley v. Briggs,* 475 U.S. 335, 345, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986), held that the judgment of a judicial officer finding that probable cause exists does not prevent a suit against the police officer bringing the cause before the judge if a reasonably well-trained officer in the position of the defendant would have known that the action lacks probable cause and that he should not have applied for the warrant. "If such was the case, the officer's application for a warrant was not objectively reasonable, because it created the unnecessary danger of an unlawful arrest." *Id.* Thus, in a subsequent civil action against the police officer, a judicial officer's finding of probable cause to issue a warrant is not dispositive. *See also Bailey,* 811 F.2d at 369–70 (plaintiff in § 1983 action not collaterally estopped from challenging *ex parte* finding of probable cause). Rather, the court must make its own determination whether a reasonable officer in the position of the defendant—"seeing what he saw, hearing what he heard"—would have believed that the person had committed a crime. *Mahoney v. Kesery,* 976 F.2d 1054, 1057 (7th Cir.1992).

■ The defendant argues that *Malley* is distinguishable because in that case the police officer instigated the proceedings leading to the false arrest while in the present case, Patricia was the one who brought the criminal complaint before Judge Loverde. Although such a distinction may implicate the causation requirement necessary for the plaintiff to make out a case against the defendant, it does not speak to the issue of the weight to be accorded the judge's finding of probable cause. In any event, here the plaintiff alleges that Pryor was instrumental in having the complaint go forward. Taken in the light most favorable to Simmons, there is evidence that Pryor ordered that the complaint be drawn up on Patricia's behalf.

■ Consequently, the district court erred in giving preclusive effect to Judge Loverde's finding of probable cause. Nonetheless, we can affirm the grant of summary judgment on any ground, even one not relied on by the district court, if the record fairly supports that disposition. *United States v. Thomas,* 934 F.2d 840, 843 (7th Cir.1991). The defendants suggest that the record clearly establishes that there was probable cause to go forward with the complaint.

■ The plaintiff contends, however, that we must remand the case for trial because the defendants never put the existence of probable cause in issue in their motion for summary judgment. Simmons maintains that the defendants simply argued that Judge Loverde's finding of probable cause precluded this suit, and that he therefore was not obligated at that juncture to show that there existed a genuine issue whether probable cause was, in fact, lacking. According to the plaintiff, in order to defeat the defendants' motion, he needed to show only that the judge's finding was not preclusive.

■ Once a police officer defending a claim of false arrest moves for summary judgment on the ground that his actions were supported by probable cause and submits evidence that a duly authorized judicial officer found probable cause, the defendant has necessarily put probable cause at issue, and the plaintiff must thus come forward and show that there is an issue of fact as to the existence of probable cause to survive summary judgment. Although the plaintiff claims that he was not on notice that the existence of probable cause was at issue, we note that the plaintiff opened his memorandum opposing summary judgment with the argument that Pryor had not acted with

probable cause. Pl.'s Mem. in Resp. to Mot. for Summ. J. at 8. Only after the section entitled "The Absence of Probable Cause," and another section refuting the notion that Deputy Chief Edwards, rather than Pryor, instigated the action against Simmons, did the plaintiff address the defendant's claim that Judge Loverde's finding was preclusive. The plaintiff's brief before this court, moreover, contains a section similarly entitled, "The Absence of Probable Cause," Appellant's Br. at 11, and states that the "plaintiff did argue [before the district court] that Pryor had not acted with probable cause." *Id.* at 13 n. 5; Appellant's Reply Br. at 6 ("plaintiff argued in the district court, as he has argued in this court, that there was not probable cause for plaintiff's arrest"). These responses belie the plaintiff's assertion that he was not "on notice" that the defendants were alleging that there was, in fact, probable cause. We think it plain that the plaintiff knew what was required to preclude summary judgment and that by looking to the record to determine whether there is a factual dispute as to probable cause, we are not denying the plaintiff an opportunity to show the absence of probable cause.

■ In order to prevail in an unlawful arrest action, the plaintiff must show lack of probable cause. *Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir.1989) ("[T]he existence of probable cause for arrest is an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution."). Even malicious motives will not support a claim of false arrest if probable cause exists. *Fernandez v. Perez*, 937 F.2d 368, 371 (7th Cir.1991).

■ We believe that the record establishes that there was probable cause to believe that Simmons had committed battery and that the plaintiff thus cannot satisfy an essential element of his claim. A battery is committed when a person intentionally or knowingly without legal justification and by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual. 720 ILCS 5/12–3 (1992). The absence of legal justification is not an element of the offense, but rather is an affirmative defense to be raised by the defendant. *People v. Sambo*, 197 Ill.App.3d 574, 144 Ill.Dec. 41, 554 N.E.2d 1080 (2d Dist.1990). The victim's testimony is sufficient to support a battery conviction, *People v. Wilkinson*, 194 Ill. App.3d 660, 141 Ill.Dec. 334, 551 N.E.2d 327 (1st Dist.1990), and visible evidence of bodily harm is not necessary to obtain a conviction. *People v. Foster*, 103 Ill.App.3d 372, 59 Ill. Dec. 145, 431 N.E.2d 430 (2d Dist.1982).[2]

At the time that Pryor purportedly moved forward on the complaint, the undisputed evidence reveals that he had the following facts in mind. Pryor was aware that the officers arriving at the scene witnessed Simmons and Patricia "passing licks with open hands," and otherwise engaged in an altercation. Through his conversations with Patricia, the alleged victim and the one who had called the police about the disturbance, Pryor learned that she had been hit by Simmons in the chest and neck and that she claimed that Simmons had a gun and had threatened to kill everyone in the house. Patricia also told her father that Simmons had stated he would come and go from the house as he pleased and that she feared that if he came to her house again, someone would get killed. Patricia told Pryor that she wanted to file a criminal complaint against Simmons.

Pryor was also aware that Patricia had previously obtained an order of protection against Simmons and, thus, that she was at risk of potential abuse. Further, Robert, Jr., Patricia's and Simmons' son, told Pryor that he witnessed his father retrieve a weapon from his car's trunk and that Simmons then forced him to open the door to the house in which the incident took place.

Finally, Pryor stated that he was aware of the mandates of the Domestic Violence Act, 750 ILCS 60/304. Under that Act, law enforcement officers are obligated to take steps to ensure the safety of victims of domestic

---

**2.** Although Pryor claims (and Patricia confirms) that Patricia had visible injuries including bruises on her wrists and scratches on her neck, there is evidence suggesting that there were no signs of bodily injury. For purposes of summary judgment, therefore, we will assume that Patricia had no signs of bodily harm.

violence and to inform such victims of their right to an emergency order of protection. 750 ILCS 60/304(a)(3). The officer is obligated, for instance, "after the close of business hours, [to] provid[e] or arrang[e] for transportation for the victim to the nearest available circuit judge or associate judge so the victim may file a petition for an emergency order under Section 217(c) of this Act". 750 ILCS 60/304(a)(1). And when a law enforcement officer does not arrest or otherwise initiate criminal proceedings against the abusing party, the officer must "[i]nform the victim of abuse ... of the victim's right to request that a criminal proceeding be initiated where appropriate...." 750 ILCS 60/304(b)(2). These requirements are reflected in the general order on domestic violence, to which Deputy Chief Edwards referred when advising Pryor of how to proceed in the matter.

The plaintiff contends that there was not probable cause to go forward on the complaint because Sergeant Wernick, " 'a prudent, reasonable, cautious police officer on the scene,' concluded after consultation with an assistant state's attorney there was not probable cause to arrest either Patricia or Robert." Appellant's Br. at 11. Just because Sergeant Wernick did not think that there was probable cause, however, does not mean that, under the objective standard, a reasonable officer in Pryor's shoes would not have thought that Simmons had committed a crime. In any event, there is no evidence that either Sergeant Wernick or the state's attorney concluded that there was not probable cause to go forward on a complaint against Simmons—they simply decided that the matter would best be handled civilly in the court which issued the prior order of protection.

In the light of this record, we find no genuine issue of fact as to the existence of probable cause and conclude that Pryor's actions with respect to this matter were objectively reasonable. A reasonable officer in Pryor's position would have thought that there was ample basis to believe that Simmons committed the crime of battery and that the filing of a complaint was warranted. The plaintiff has thus failed to establish an essential element of his unlawful arrest claim, and summary judgment was appropriate. Since we reject the plaintiff's federal claims, we have no jurisdiction to address his pendent claim for malicious prosecution.

### III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

### ORDER

On consideration of the petition for rehearing with suggestion for rehearing in banc filed in the above-captioned cause and the response thereto, no judge in active service has requested a vote thereon and all of the judges on the original panel have voted to deny a rehearing. Accordingly,

IT IS ORDERED that the aforesaid petition for rehearing be, and the same is hereby, DENIED.

On further consideration of the petition for rehearing, the court amends its opinion, issued September 9, 1993, by deleting the full paragraph at the bottom of page 7 of the slip opinion and substituting the following therefor:

In order to prevail in an unlawful arrest action, the plaintiff must show lack of probable cause. *Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir.1989) ("[T]he existence of probable cause for arrest is an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution."). Even malicious motives will not support a claim of false arrest if probable cause exists. *Fernandez v. Perez*, 937 F.2d 368, 371 (7th Cir.1991).