124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lawrence BLEDSOE, Plaintiff-Appellant,
v.
CITY of Chicago, et al., Defendants-Appellees.
 No. 96-2815.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997.*
Decided June 24, 1997.
 
 Appeal from the United States District court for the Northern District of Illinois, Eastern Division, No. 95-C-3036; George M. Marovich, Judge.
 Before POSNER, CUMMINGS, and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Lawrence Bledsoe appeals the district court's entry of summary judgment in favor of six Chicago police officers on his 42 U.S.C. § 1983 complaint, wherein he alleged that his arrest for an alleged criminal trespass to an automobile was unreasonable under the Fourth Amendment. We affirm.
 
 
 2
 During the early evening of May 22, 1994, Chicago police officers Nathan Silas, Sheila Jackson and Michael Robbins responded to a radio dispatch to go to 6721 South Saint Lawrence. Upon their arrival, they were met by Yolanda Scott, who had called the police and proceeded to inform them that her car (which was then legally parked on the street in front of her residence, though there is no evidence that the officers knew this) had been stolen by Bledsoe and that he was present inside her house. Scott indicated that she wished to sign a criminal complaint against Bledsoe and allowed the officers to enter her house and arrest Bledsoe.[1] The officers then entered the residence and, based upon Scott's oral complaint alone, arrested Bledsoe for criminal trespass to a vehicle, a Class A misdemeanor under Illinois law. After remaining the night within the custody of the Chicago Police Department, Bledsoe was released and the charge was dismissed.
 
 
 3
 Bledsoe filed a civil rights action under 42 U.S.C. § 1983 against the City of Chicago and six police officers involved directly or tangentially in his arrest,[2] which he alleges was constitutionally unreasonable. The City of Chicago was subsequently dismissed as a defendant. The appellees then brought a motion for summary judgment, which the district court granted, finding that Bledsoe's arrest was reasonable under the Fourth Amendment.
 
 
 4
 We review the district court's grant of summary judgment de novo. Sybron Transition Corp. v. Security Ins. Co. of Hartford, 107 F.3d 1250, 1254 (7th Cir.1997). Summary judgment is proper when the record, viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." Weiler v. Household Finance Corp., 101 F.3d 519, 523 (7th Cir.1996).
 
 
 5
 "[T]he existence of probable cause for arrest is an absolute bar to a Section 1983 claim for unlawful arrest...." Schertz v. Waupaca County, 875 F.2d 578, 582 (7th Cir.1989); accord Simmons v. Pryor, 26 F.3d 650, 654 (7th Cir.1993). "A law enforcement officer has probable cause to arrest when 'the facts and circumstances within [his] knowledge and of which [he has] reasonably trustworthy information [are] sufficient to warrant a prudent [person] in believing that the [suspect] has committed or was committing an offense.' " Booker v. Ward, 94 F.3d 1052, 1057 (7th Cir.1996) (citation omitted). "We evaluate probable cause 'not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of the arresting officer--seeing what he saw, hearing what he heard.' " Id. at 1057-58 (citation omitted).
 
 
 6
 The parties agree that the police officers arrested Bledsoe based only upon the oral complaint of Scott, the alleged victim of an automobile theft. "[W]hen an officer has 'received his information from some person--normally the putative victim or an eye witness--who it seems reasonable to believe is telling the truth,' he has probable cause." Sheik-Abdi v. McClellan, 37 F.3d 1240, 1247 (7th Cir.1994) (citation omitted). Such was the case here. Scott called the police and reported the car theft and stated that Bledsoe was in her house; she waited for the police in front of her house. She willingly signed a criminal complaint against Bledsoe and allowed the police to enter her home. "[The arresting officers were] aware of no information, and indeed there was none, from which [they] could believe that [Scott] was lying, did not accurately describe what [had occurred], or was in some fashion mistaken...." Gerald M. v. Conneely, 858 F.2d 378, 381 (7th Cir.1988). Bledsoe provides no such information. "[T]he plaintiff.. has the burden of proving all the elements of his § 1983 action Fourth Amendment claim by a preponderance of the evidence." Guenther v. Holmgreen, 738 F.2d 879, 888 (7th Cir.1984). Consequently, there can be no genuine issue whether the arresting officers had probable cause to arrest Bledsoe for the trespass of Scott's automobile.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Though Bledsoe alleges in his complaint that Scott was his girlfriend, the record does not indicate the same. The parties dispute whether Scott and Bledsoe shared the residence
 
 
 [2]
 Besides Officers Silas, Jackson and Robbins, Bledsoe's second amended complaint also named Sergeants Sandra Engemann and Cisco Rowland, and Captain Harry Bingham of the Chicago Police Department as defendants