Paul R. PIAZZA,

v.

Jeff MAYNE.

No. CIV. A. 97–238.

United States District Court, E.D. Louisiana.

Oct. 29, 1998.

Galen S. Brown, M. Lizabeth Talbott, Lamothe & Hamilton, New Orleans, LA, for Plaintiff.

Lionel Joseph Favret, III, Leake & Andersson, New Orleans, LA, for Defendant.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is defendant Jeff Mayne's Motion for Summary Judgment based on claims of qualified immunity and Eleventh Amendment sovereign immunity. For the reasons that follow, the Motion is GRANTED.

### Background

In this section 1983 action, plaintiff Paul Piazza is seeking compensatory and punitive damages for malicious prosecution. Piazza is a licensed wholesale fish distributor and seafood dealer. In July 1993, Piazza's shipment of striped bass was stopped at a weigh station in Slidell, Louisiana. Jeff Mayne, an agent with the Louisiana Department of Wildlife and Fisheries, checked with the Department to determine if plaintiff's business had reported, as required by the Department, a recent purchase of the fish. Mayne was told that the last report of such a purchase too was far removed in time from this July shipment; thus, in Mayne's judgment, the purchase record could not have been the basis of this shipment because the fish would have been spoiled if shipped so long after they were purchased. Department biologists confirmed that the shipment was "too fresh" to have corresponded to the earlier reported purchase. The shipment was seized, and the fish sold at auction approximately two days later.

In early August, Mayne visited Piazza's business to inspect business records concerning Piazza's recent purchases of striped bass. Mayne determined that the records showed a discrepancy between purchases and shipments. Despite Piazza's protest, Mayne allegedly refused to review records to prove that the July shipment was lawfully purchased and that there was no discrepancy between the purchase and shipment totals.

Based on his limited review, Mayne issued a citation to Piazza charging him with illegal transportation of fish in violation of Louisiana Revised Statute 56:327(A). Piazza was convicted in state court and sentenced to thirty days in jail, fined $400, and his license as a wholesale fish distributor was revoked. Without his license, Piazza was unemployed for several months before obtaining work as an auto mechanic.

Nearly three years later, the Louisiana Supreme Court reversed the conviction and dismissed the charges against him. The supreme court noted that Piazza's records accounted for the apparent discrepancy between purchases and shipments found in his records by Mayne. Piazza is seeking damages, claiming that Mayne maliciously pursued the citation against him. Mayne moves for summary judgment, claiming qualified immunity and Eleventh Amendment sovereign immunity.

### Law and Application
#### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See id.* Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249–50, 106 S.Ct. 2505 (citations omitted).

In addition, if the party opposing the motion fails to establish an essential element of his case, summary judgment is proper. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In evaluating the summary judgment motion, a court must read the facts in the light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

#### B. Eleventh Amendment

The Eleventh Amendment offers defendant no shield from liability. It is well-settled that the Eleventh Amendment bars one's recovery against the state treasury, even when an individual officer is the defendant in the lawsuit. *Ford Motor Co. v. Department of the Treasury,* 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945). The Eleventh Amendment has no application, however, when the plaintiff seeks money damages personally from the officer and not from the public fisc. *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Piazza is not seeking damages from the state; he demands compensation from Mayne personally.

Mayne cannot claim Eleventh Amendment immunity simply by insisting that he was acting solely in his official capacity. The Supreme Court flatly rejected this argument, making clear that "the phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury." *Hafer v. Melo,* 502 U.S. 21, 27, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).[1]

#### C. Qualified Immunity
##### 1.

Although Mayne enjoys no Eleventh Amendment protection, he is insulated by the qualified immunity doctrine. Government officials performing discretionary functions "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory and constitutional rights of which a reasonable person would have known." *Harlow v. Fitzger-*

---

1. In an official-capacity suit, a state policy or custom must have played a part in the violation of federal law. *Hafer,* 502 U.S. at 25, 112 S.Ct. 358; *Kentucky v. Graham,* 473 U.S. at 166, 105 S.Ct. 3099. Plaintiff has not alleged that an official policy or custom contributed to a violation of his rights.

*ald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

■ Qualified immunity is measured under a two-step analysis. *Siegert v. Gilley,* 500 U.S. 226, 231–32, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). First, the Court must determine whether the plaintiff has alleged a violation of a clearly established constitutional right. The Court should look to "currently applicable constitutional standards to make this assessment." *Petta v. Rivera,* 143 F.3d 895, 899 (5th Cir.1998) (quoting *Rankin v. Klevenhagen,* 5 F.3d 103, 106 (5th Cir.1993)). Second, if a clearly established constitutional right has been violated, the Court must then determine whether the defendant's conduct was objectively reasonable under the circumstances. The reasonableness of the officer's conduct is assessed in light of the law as it existed at the time of the alleged violation. *Harper v. Harris County,* 21 F.3d 597, 601 (5th Cir.1994). The right violated must have been established with sufficient particularity so that a "reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

■ Piazza complains that he was maliciously prosecuted in violation of the Fourth Amendment. Under a common-law tort analysis, the prosecution might well have been wrongful. The question here, however, is whether the questioned conduct implicates a constitutional tort. The distinction is important. Because the Court does not believe a constitutional violation occurred in this case, Mayne is immune from suit and Piazza's federal claims must be dismissed. *See Baker v. McCollan,* 443 U.S. 137, 142, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) (dismissing section 1983 claim where plaintiff complained that sheriff, after executing facially valid warrant, failed to investigate and determine that wrong man was imprisoned).

■ The Fifth Circuit[2] has repeatedly held that malicious prosecution is a constitutional tort under section 1983. *Eugene v. Alief Indep. Sch. Dist.,* 65 F.3d 1299, 1303 (5th Cir.1995); *Sanders v. English,* 950 F.2d 1152, 1159 (5th Cir.1992).[3] But courts must rely on state law to determine the content of malicious prosecution conduct that section 1983 protects. *See, e.g., Taylor v. Gregg,* 36 F.3d 453 (5th Cir.1994) (relying on elements of Texas state law claim). In Louisiana, a central element of a malicious prosecution claim is the absence of probable cause for the questioned conduct. *Miller v. East Baton Rouge Parish Sheriff's Dep't,* 511 So.2d 446, 452 (La.1987).

Viewing the facts in the manner most favorable to the plaintiff, *Mangieri v. Clifton,* 29 F.3d 1012, 1017 (5th Cir.1994), Piazza's claim cannot meet the qualified immunity test's first inquiry. Piazza has not suffered a constitutional affront because he cannot overcome on these facts that vital element of his malicious prosecution claim: Mayne's lack of probable cause.

The thrust of Piazza's argument is that Mayne's conduct was unreasonable: that he lacked probable cause because of his knowledge of the existence of an affirmative defense. Piazza complains that both he and his secretary told Mayne that other purchase records would show that Piazza lawfully shipped the fish in question, but Mayne maliciously ignored those records. Piazza implicity argues that an obvious defense trumps the officer's probable cause to act. The Court does not agree.

■ Officers are required to make a fair and reliable determination of probable cause before arrest. *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). In *Baker,* however, the Supreme Court cau-

---

**2.** Clearly established law is determined by looking to decisions of the Supreme Court or of pertinent federal circuit or district courts. *See Elder v. Holloway,* 510 U.S. 510, 516, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994) ("A court engaging in review of a qualified immunity judgment should therefore use its full knowledge of its own [and other relevant] precedents.") (internal quotation omitted, alteration in original); *Procunier v. Navarette,* 434 U.S. 555, 564, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978).

**3.** Although the Supreme Court has ruled that malicious prosecution is not actionable under the Fourteenth Amendment, *Albright v. Oliver,* 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (plurality opinion), the Fifth Circuit recognized that the High Court expressly left open the possibility that such claims are actionable under the Fourth Amendment. *Eugene,* 65 F.3d at 1303.

tioned that this obligation does not encompass a duty to "investigate independently every claim of innocence" or defense. 443 U.S. at 146, 99 S.Ct. 2689. Officers must act quickly and effectively. They are not required to act perfectly, but they should be fair under the circumstances that confront them. Probable cause is not guilt beyond reasonable doubt.

The Louisiana Supreme Court determined that Mayne had probable cause to issue a citation given that the elements of the crime—namely, possession with intent to sell certain freshwater game fish—were easily satisfied. *State v. Piazza*, 668 So.2d 1125, 1127 (1996); 668 So.2d at 1129 (Lemmon, J., concurring). Nevertheless, Piazza was absolved of all charges because he had carried his burden of proving an affirmative defense: that he shipped fish that were purchased from a licensed aquaculture. *Id.* at 1128. The affirmative defense, however, does not weaken the fact that, at the time, Mayne had probable cause to act; affirmative defenses only "excuse or justify" the conduct in question. *Id.* at 1127.

Relying on *Hale v. Fish*, 899 F.2d 390, 402 (5th Cir.1990), and *Sanders*, 950 F.2d 1152, Piazza insists that Mayne was obligated to make the court aware of the facts establishing Piazza's affirmative defense. Piazza's reliance on these cases is misplaced. In *Hale*, the court faulted an officer because he did not disclose "exculpatory information" to the magistrate at the probable cause hearing. That information was material to the foundation for probable cause to arrest a suspect. It did not target innocence after the probable cause threshhold. The same can be said of *Sanders*, 950 F.2d at 1164 (noting that the officers should have "candidly admitted that they did not have probable cause to proceed with the prosecution"). Piazza's arguments confuse probable cause with innocence.

Unlike the situation in *Hale* and *Sanders*, Mayne had probable cause notwithstanding knowledge of any additional purchase records. The purchase records were relevant to Piazza's affirmative defense, not to the probable cause facts for issuing a citation. It is important to underscore that an officer is not required to investigate claims of innocence when probable cause is firmly established. *See Brown v. Byer*, 870 F.2d 975, 978 (5th

Cir.1989). If probable cause equated with innocence, then every defense to criminal charges would mean that, doctrinally, probable cause could not exist.

Although the Fifth Circuit has not squarely addressed Piazza's contention that his affirmative defense frustrates probable cause, other courts have concluded that affirmative defenses do not bear on the probable cause analysis. In a qualified immunity case, the Seventh Circuit recently held that entrapment, an affirmative defense, is "not part of our Fourth Amendment probable-cause-to-arrest analysis." *Humphrey v. Staszak*, 148 F.3d 719, 724 (7th Cir.1998); *see also Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993) ("The absence of legal justification is not an element of the offense, but rather is an affirmative defense to be raised by the defendant."); *cf. DeLoach v. Bevers*, 922 F.2d 618, 622–23 (10th Cir.1990) (holding that additional evidence would have "negated" or "vitiated" probable cause). Likewise, another district court determined that information allegedly possessed by the officers regarding the arrestee's affirmative defense did not "negate" the elements of the crime; such evidence would serve only as a defense at trial. *Carnell v. Grimm*, 872 F.Supp. 746, 754 (D.Haw.1994). The Court finds these decisions persuasive.

### 2.

Even were the Court to charge Mayne with the duty to investigate Piazza's claim of innocence, the Court finds that Mayne's conduct was objectively reasonable under the circumstances. Mayne draws attention to the fact that Piazza was exonerated of all charges only after the Louisiana Supreme Court determined that Piazza had proved an affirmative defense; he adds, the supreme court's interpretation of the regulatory statute in question conflicted with the trial and appellate courts' interpretations of the statute. Moreover, Mayne did try to verify Piazza's claims by seeking second opinions from Department biologists who confirmed Mayne's suspicion that the seized shipment was too fresh to have corresponded to Piazza's earlier purchases. Thus, the Court agrees that Mayne is also entitled to quali-

fied immunity because his conduct was objectively reasonable.

In no uncertain terms, the Supreme Court has proclaimed that "[s]ection 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker,* 443 U.S. at 146, 99 S.Ct. 2689. Because Mayne had probable cause to commence proceedings against Piazza, his conduct satisfied the Constitution's strictures, and he is immune from suit for malicious prosecution under section 1983. Whatever duties Mayne may have had to pursue Piazza's claim of innocence, or to halt proceedings because of the alleged existence of an affirmative defense, the Constitution has no comment. Piazza's recourse, if any, is to the traditional principles embodied in Louisiana's tort law.

Because the Court concludes that Mayne is immune from suit under section 1983, the Court finds that a state court should resolve Piazza's remaining state law claims. These claims, involving construction of a state regulatory statute and state constitutional provisions, and the duties of state officials, are best resolved by a state tribunal. Thus, the Court dismisses the state law claims without prejudice. 28 U.S.C. § 1367(c)(3).

### D. *Conclusion*

For the foregoing reasons, defendant Mayne's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that plaintiff Piazza's remaining state law claims are DISMISSED without prejudice.