THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STANLEY CRAIG, Defendant-Appellant.

First District (1st Division) 76-1056

Opinion filed March 14, 1977.

E. Michael Kelly and Stanley J. Davidson, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Mary Ellen Dienes, and Paul E. Kelly, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant, Stanley Craig, was charged with battery, and after a bench trial, was found guilty and fined $10 plus $5 court costs. Defendant appeals, arguing that he was not proved guilty beyond a reasonable doubt.

We reverse.

The record on appeal discloses the following pertinent facts. On the evening of April 30, 1976, while employed as a hospital security guard, defendant observed a young female patient in the hospital hall raise a small camera to her face, preparing to take a picture. Craig walked over to the patient, and as he removed the camera from her hand, he said that cameras were not allowed in the hospital. He then handed the camera to the patient's mother, again explaining the hospital rule against cameras. The mother took the camera out of the hospital. Subsequently, the patient was released from the hospital and she signed a criminal complaint charging Craig with the offense of battery. The amended complaint alleged that defendant knowingly and without legal justification made an insulting and provoking contact with the complainant's hand. (Ill. Rev. Stat. 1975, ch. 38, par. 12—3(a).) The 17-year-old complaining witness testified, *inter alia*, that she had seen defendant in the hospital halls prior to the occurrence, but that she did not know at the time who was taking the camera out of her hand. She further testified that at the time, she was heavily medicated. The mother testified that the incident took place as her daughter was preparing to take an unannounced photograph of another patient, a friend of her daughter. The daughter had said that she bet the friend would probably jump or ask her to stop. At the conclusion of the State's case, defendant moved to dismiss the charge because the State failed to prove its case. The motion was denied. A hospital administrator testified for defendant that there was a policy of not allowing cameras in the hospital. Another hospital security guard testified, *inter alia*, that after defendant handed the camera to

complainant's mother, that the mother directed obscenities toward defendant and the hospital.

Defendant argued in the trial court and argues on appeal that the State failed to prove him guilty beyond a reasonable doubt of the offense of battery. In particular, defendant contends that the evidence fails to support a conclusion that his actions were of an insulting or provoking nature.

Defendant was charged with battery, in violation of section 12—3(a)(2) of the Criminal Code:

> "A person commits battery if he intentionally and knowingly without legal justification and by any means, * * * makes physical contact of an insulting or provoking nature with an individual." (Ill. Rev. Stat. 1975, ch. 38, par. 12—3(a)(2).)

Intent is defined as follows:

> "A person intends, or acts intentionally or with intent, to accomplish a result or engage in conduct described by the statute defining the offense, when his conscious objection or purpose is to accomplish that result or engage in that contact." (Ill. Rev. Stat. 1975, ch. 38, par. 4—4.)

The issue in the instant case is whether the prosecution proved beyond a reasonable doubt that defendant's conscious objective or purpose in taking the camera from complainant and handing it to complainant's mother was to accomplish an insulting or provoking physical contact. (*People v. Aguirre* (1975), 30 Ill. App. 3d 854, 334 N.E.2d 123.) We believe not.

The testimony of record leads to the conclusion that defendant's sole objective or purpose in taking the complainant's camera from her hand and immediately giving it to her mother was to enforce the hospital's rule against the use of cameras. There is no evidence, direct or circumstantial, which would tend to show that defendant's purpose was to provoke or insult the complainant, a patient in the hospital. From all indications, defendant announced his purpose contemporaneously with his action of reaching for the camera. After depositing the camera with the mother, once again explaining the hospital rule, defendant immediately left the area to attend to his other duties. This evidence demonstrates a lack of intent to provoke or insult the complainant. The slight touching was unavoidable in connection with the discharge of defendant's duty under the hospital regulation prohibiting the use of cameras within the hospital.

Accordingly, the judgment of the circuit court of Cook County convicting defendant of battery is reversed.

Judgment reversed.

GOLDBERG, P. J., and O'CONNOR, J., concur.