THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LUIS d'AVIS, Defendant-Appellant.

First District (5th Division)   No. 1—92—3176

Opinion filed August 6, 1993.—Rehearing denied September 9, 1993.

Matthew F. Kennelly, of Cotsirilos, Stephenson, Tighe & Streicker, Ltd., of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Kenneth McCurry, and Michael Golden, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MURRAY delivered the opinion of the court:

After a bench trial defendant, Dr. Luis d'Avis (d'Avis) was found guilty of the misdemeanor, battery (Ill. Rev. Stat. 1991, ch. 38, par. 12—3(a)(2)), and sentenced to one year's probation. He now appeals his conviction and sentence.

Because the facts of this case are not in dispute and repulsive to recount, we give only a brief accounting here.

At trial the State presented a single witness, Luis Lopez, the complainant. Lopez testified that he made an initial appointment with d'Avis, a licensed medical doctor certified as a family practitioner, for a general physical examination. On November 13, 1991, in the course of the examination, d'Avis asked Lopez if he wanted to be checked for hemorrhoids. Lopez consented and d'Avis performed a rectal exam on Lopez. However, at some point during this exam, d'Avis asked Lopez if he was "enjoying it." Lopez then turned around and discovered that, while performing the exam, d'Avis was also masturbating.

d'Avis testified in his own defense, admitting that he had performed a rectal exam on Lopez. However, not only did d'Avis deny that he had masturbated during the exam, he accused Lopez of masturbating during the examination, claiming also that Lopez had stated that he was enjoying the exam and "wanted more."

After considering all of the evidence, the trial court found d'Avis guilty of battery and sentenced him to one year's probation. Now, on appeal, d'Avis raises four arguments for reversal, each one completely without merit.

■ First, it is d'Avis' position that, even if it were true that he had acted in the manner in which he was accused, we must reverse his conviction because the behavior fell outside the purview of the battery statute. Specifically, d'Avis contends that to be found guilty of

committing a battery it must be shown that he intentionally and knowingly *made physical contact of an insulting or provoking nature* with an individual. (Ill. Rev. Stat. 1991, ch. 38, par. 12—3(a)(2).) He then contends that his act of masturbation while performing a rectal exam on Lopez did not meet this definition because Lopez testified that he was not embarrassed by the rectal exam, itself, but by the fact that d'Avis was masturbating in his presence while performing the rectal exam. Consequently d'Avis claims that his physical contact with Lopez, *i.e.*, the rectal exam, was not insulting or provoking and that he should not have been found guilty of battery.

This argument is absurd. Although d'Avis would have this court believe so, the touching associated with the rectal exam did not occur in isolation from the act of masturbation and, therefore, the one act should not be partitioned or segregated from the other. We believe that the State is correct in its assertion that a particular physical contact may be deemed insulting or provoking based upon the factual context in which it occurs. In other words, what may be an innocent touching in one instance may be interpreted quite differently in a different set of circumstances.

In this case d'Avis ceased performing a legitimate medical examination once he exceeded the bounds of Lopez's consent by exploiting the situation for sexual pleasure. Thus, it was perfectly reasonable for the trial court to have found that the otherwise noninsulting medical procedure performed on Lopez became an insulting and provoking contact once Lopez realized that d'Avis was using the rectal examination as a vehicle to bring about his own sexual gratification.

Case law supports interpretation of the battery statute to encompass this situation. In *People v. Dunker* (1991), 217 Ill. App. 3d 410, 577 N.E.2d 499, defendant was found guilty of battery based upon his conduct with his son's teacher. The teacher testified that defendant became angry and poked his finger in her chest several times while she attempted to speak with him regarding his son's scholastic progress. Defendant argued on appeal that the victim had not been insulted or provoked by the contact with defendant's finger. However, the reviewing court found that the witness' testimony that she left the area crying, shocked by defendant's behavior, was sufficient evidence from which the jury could have found that the contact was insulting or provoking.

Similarly, in *People v. Wilkinson* (1990), 194 Ill. App. 3d 660, 551 N.E.2d 327, the court found that, by placing his hand inside the victim's blouse and pants, the defendant's conduct was insulting, despite

the fact that the victim did not testify that she was insulted or provoked by the touching.

■ The next argument raised by d'Avis is that he was denied due process because the battery statute was unconstitutionally vague as applied to him, failing to put him on notice that conduct of this nature was proscribed. Although d'Avis cites to case law which, undisputedly, stands for the general propositions of law relied upon, he is unable to cite to any case law (nor do we believe it is possible to find any such case law) which supports the notion that it is beyond the ken of a reasonable medical professional to know that behavior of the sort alleged here would be prohibited.

We shudder to think that any medical professional could fail to recognize the legal, as well as moral, duty he or she has to refrain from exploiting the vulnerabilities of patients and the need to treat patients with dignity and respect. Therefore, no authority is required to dispose of d'Avis' claim that the battery statute was unconstitutionally vague as applied to him in this case.

As d'Avis notes, the battery statute seeks to regulate unconsented physical contact. There is no question in this court's mind that, although Lopez initially consented to having a medical examination by a medical professional, d'Avis, by his behavior, transformed the medical procedure into sexual contact, to which Lopez did not knowingly consent. Although d'Avis seeks to isolate the act of performing the rectal exam from the masturbation, these two acts occurred simultaneously and must be considered together when determining whether the crime of battery occurred.

■ Next, d'Avis contends that there was insufficient evidence presented at trial to constitute proof beyond a reasonable doubt. While conceding that the uncorroborated testimony of a single witness may be sufficient to establish guilt beyond a reasonable doubt (*People v. Stengel* (1991), 211 Ill. App. 3d 337, 570 N.E.2d 391), d'Avis seeks to discredit Lopez's testimony by claiming that it was "fraught with inconsistencies." Specifically, d'Avis contends that there were three major discrepancies or inconsistencies in Lopez's testimony: (1) that Lopez was confused as to which hand d'Avis used for the rectal exam and which hand he used to masturbate; (2) that Lopez testified that the rectal examination lasted for three minutes, although he never told police how long the examination lasted; and (3) that at trial Lopez testified that d'Avis used one or two fingers for the rectal exam, although he told police that it felt like d'Avis stuck his whole fist in his anus.

We find that these so-called inconsistencies are so minor and immaterial that they do not detract from Lopez's unswerving testimony that d'Avis masturbated while performing a rectal examination on Lopez. This testimony was clear and convincing and supported the finding of guilt.

Furthermore, d'Avis is merely questioning Lopez's credibility, which was for the trier of fact to determine. We do not find Lopez's testimony to be so improbable or incredible that no trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (See *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) Consequently, we find no basis for reversing the finding of the lower court.

■ Lastly, d'Avis claims that the trial judge's comment that "there had been no evidence given to this court that would leave [*sic,* lead?] me to believe that the allegations made by Mr. Lopez are untrue" indicates that the burden of proof was shifted to him, requiring him to prove his innocence by producing evidence to show that Lopez was lying. We disagree.

This was a bench trial. The trial judge is presumed to know the proper standards and to have applied them. Consequently, more weighty evidence would have to be presented to show that the trier of fact was misled as to the burden of proof to overcome this presumption.

Furthermore, it is within the unique province of the trier of fact to assess credibility and weight to be given a witness' testimony. (*People v. Eyler* (1989), 133 Ill. 2d 173, 191, 549 N.E.2d 268.) We believe that the trial judge's comment evidences nothing more than the court's exercise of its discretion in assessing the credibility of the witnesses before it. The fact that in this case the trial judge found Lopez more credible than d'Avis does not lead this court to the conclusion that an error has been made.

Additionally, we take notice of the fact that the trial judge, when considering this same issue in d'Avis' motion for new trial, denied that it was in any way misled as to the standard that was to be applied and that his comment should not be interpreted as a shifting of the burden of proof.

For all the reasons stated above, we affirm the judgment of the lower court and uphold defendant's conviction and sentence.

Affirmed.

GORDON, P.J., and McNULTY, J., concur.