THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SEAN A. PECK, Defendant-Appellant.

Fourth District   No. 4—93—0194

Opinion filed May 5, 1994.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In October 1992, a jury found defendant, Sean A. Peck, guilty of aggravated battery to a police officer (720 ILCS 5/12—4(b)(6) (West

1992)) and resisting a peace officer (720 ILCS 5/31—1 (West 1992)). The trial court imposed concurrent sentences of six years in prison on the conviction of aggravated battery and 364 days in jail on the conviction of resisting a peace officer. Defendant appeals, arguing that (1) the State failed to prove him guilty beyond a reasonable doubt; and (2) the conviction of resisting a peace officer must be vacated because it was based upon the same physical act as the conviction of aggravated battery.

We affirm.

## I. BACKGROUND

The essential facts underlying defendant's convictions are as follows. In June 1992, the police were summoned to defendant's residence to quell a neighborhood disturbance. Several police officers responded and spoke with the local residents, including defendant. As the officers spoke with defendant, he was belligerent and spit on one officer's face, glasses, and cheek. The officers then attempted to arrest him, but he fought them by kicking and pulling away while they tried to restrain and place handcuffs on him. Ultimately, three police officers subdued defendant and placed him under arrest.

At trial, the State presented six witnesses, three of whom were the police officers at the scene, and three were neighbors. The defense introduced testimony from defendant's then-girlfriend and defendant himself, who claimed that any spitting that occurred was accidental. The jury found defendant guilty of one count of aggravated battery and one count of resisting a peace officer and acquitted him of another count of aggravated battery.

## II. SUFFICIENCY OF THE EVIDENCE

### A. *Aggravated Battery and Spitting*

Defendant first argues that the State failed to prove him guilty of aggravated battery beyond a reasonable doubt. In essence, defendant contends that spitting alone cannot sustain an aggravated battery conviction. We disagree.

Section 12—4(b)(6) of the Criminal Code of 1961 (Code) (720 ILCS 5/12—4(b)(6) (West 1992)) provides as follows:

"(b) A person who, in committing a battery, commits aggravated battery if he:

\* \* \*

(6) Knows the individual harmed to be a peace officer \*\*\* while such officer \*\*\* is engaged in the execution of any of his official duties including arrest or attempted arrest, or to prevent the officer \*\*\* from performing his official duties, or in retaliation for the officer \*\*\* performing his duties \*\*\*."

Section 12—3(a)(2) of the Code provides, in pertinent part, as follows: "A person commits battery if he intentionally or knowingly without legal justification and *by any means* \*\*\* makes physical contact of an insulting or provoking nature with an individual." (Emphasis added.) 720 ILCS 5/12—3(a)(2) (West 1992).

In order to prove aggravated battery based upon this section of the Code, the State must establish that the defendant committed a battery to "a peace officer \*\*\* engaged in the execution of any of his official duties." (720 ILCS 5/12—4(b)(6) (West 1992); see also *People v. Lovelace* (1993), 251 Ill. App. 3d 607, 616, 622 N.E.2d 859, 865.) In this case, no dispute exists that the victim was a police officer engaged in his official duties. (See 720 ILCS 5/12—4(b)(6) (West 1992).) Thus, the only issue is whether defendant committed a battery by spitting on the officer. See *Lovelace*, 251 Ill. App. 3d at 617, 622 N.E.2d at 865.

Defendant bases his argument that "mere" spitting on another cannot amount to insulting or provoking contact on the contentions that spitting on another constitutes neither (1) physical contact, nor (2) sufficiently insulting or provoking behavior. We disagree with both contentions.

■ The language of the battery statute clearly provides that a battery can be committed if the accused has contact with the victim "by any means." (720 ILCS 5/12—3(a) (West 1992).) Discussing this language, the committee comments to section 12—3 of the Code note that since the development of early common law, spitting has been recognized as an act sufficient to support a battery conviction. See 720 ILCS 5/12—3, Committee Comments—1961, at 250 (Smith-Hurd 1992), citing *Reg. v. Cotesworth* (1705), 6 Mod. Rep. 172.

Regarding the insulting or provoking nature of spitting on another, we note that "a particular physical contact may be deemed insulting or provoking based upon the factual context in which it occurs." (*People v. d'Avis* (1993), 250 Ill. App. 3d 649, 651, 621 N.E.2d 206, 207.) In *d'Avis*, the defendant, a medical doctor, was convicted of battery of an insulting or provoking nature for masturbating while performing a rectal examination on a patient. The defendant in *d'Avis* similarly argued that his conduct did not amount to physical contact of an insulting or provoking nature. The appellate court affirmed the defendant's conviction, holding that his otherwise noninsulting act (the consensual rectal examination) became an insulting or provoking contact when viewed in context (the concurrent masturbation). *d'Avis*, 250 Ill. App. 3d at 651, 621 N.E.2d at 208.

We deem the present case logically similar. Although we can envision contexts in which a defendant's spitting might not constitute insulting or provoking behavior, defendant's spitting in the face

of a police officer in this case clearly amounts to insulting or provoking contact. (See *People v. Wys* (1982), 103 Ill. App. 3d 273, 431 N.E.2d 38 (defendant spitting on police officer sufficient to affirm conviction for aggravated battery of an insulting or provoking nature).) We hold that defendant's conduct easily reached "physical contact of an insulting or provoking nature" within the meaning of section 12—3(a)(2) of the Code (720 ILCS 5/12—3(a)(2) (West 1992)).

Defendant alternatively argues, as he did at trial, that his spitting on the officer was accidental. This issue raises a question of fact involving credibility of witnesses. The jury as trier of fact considered and resolved this issue against defendant, and this court will not simply reweigh the evidence. "Rather, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis added.) (*People v. Campbell* (1992), 146 Ill. 2d 363, 374, 586 N.E.2d 1261, 1266.) Accordingly, this court will not substitute its judgment for that of the trier of fact on questions involving the weight of the evidence or the credibility of witnesses, and will not reverse unless the evidence is so unreasonable, improbable, or unsatisfactory as to create a reasonable doubt of defendant's guilt. See *Campbell*, 146 Ill. 2d at 375, 586 N.E.2d at 1266.

In this case, the State presented more than enough evidence regarding this incident which would support the jury's guilty verdict. The jury could easily have attached more weight and credibility to the State's evidence than to defendant's. Thus, the jury's rejection of defendant's theory in favor of the State's was not irrational, nor was its verdict unreasonable, improbable, or unsatisfactory. See *Campbell*, 146 Ill. 2d at 375, 586 N.E.2d at 1266.

### B. *Resisting A Peace Officer*

Defendant also argues that the State failed to prove him guilty beyond a reasonable doubt of resisting a peace officer. This too is an issue involving an assessment of the credibility of witnesses by the jury. The jury heard sufficient evidence upon which to base its verdict, and we do not conclude that its verdict was unreasonable, improbable, or unsatisfactory. See *Campbell*, 146 Ill. 2d at 375, 586 N.E.2d at 1266.

### III. PROPRIETY OF MULTIPLE CONVICTIONS

Defendant last argues that assuming the aggravated battery conviction is proper, his conviction for resisting a peace officer must be vacated because it is "based upon the same altercation." We disagree.

Defendant's aggravated battery conviction was based upon his spitting on one of the officers prior to his arrest, while his conviction for resisting a peace officer was based upon his struggling and kicking at the officer during his arrest. Accordingly, we find that each conviction was based upon a different act.

Defendant cites *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, in support of his argument, but that case does not apply because it primarily addresses multiple convictions based upon the same physical act. As the State argues, the time interval between defendant's spitting on the officer (the act constituting aggravated battery) and defendant's efforts to prevent being handcuffed (the acts constituting resisting a peace officer) may have been short, but those acts still constitute "separate physical acts" within the holding of *King*. See *People v. Sutton* (1993), 252 Ill. App. 3d 172, 184-85, 624 N.E.2d 1189, 1199 (multiple convictions proper where the defendant commits several interrelated acts if each act supports a different offense).

## IV. CONCLUSION

For the reasons stated, we affirm defendant's convictions for both aggravated battery and resisting a peace officer.

Affirmed.

KNECHT and LUND, JJ., concur.