No. 2--08--1041    Filed: 12-23-09

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 07--CM--6116 |
| WERNER N. DeROSARIO, | ) ) | Honorable Jane Hird Mitton, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

Following a bench trial, defendant, Werner N. DeRosario, was convicted of battery (720 ILCS 5/12--3(a)(2) (West 2006)). He appeals, contending that the evidence did not prove beyond a reasonable doubt that he knowingly touched the victim in an insulting or provoking manner. We affirm.

The evidence at trial showed that defendant and the complainant, Brandi Kelly, worked for different employers in the same office building in Oak Brook Terrace. They had struck up a friendship, but the relationship had deteriorated. The incident in question took place in a smoking lounge in a common area of the building. On the day of the incident, Kelly was seated in a mesh chair in the smoking lounge. Defendant came in, sat on a couch immediately behind her, and lit a cigarette. As he did so, his right knee touched her back through the chair, and his left knee touched her hip. Kelly soon got up and called the police.

Kelly testified that since July 2007, "the contact that I had with [defendant] was by way of him following me around and staring at me on my lunch break for the entirety of my lunch break forcing me to have to adjust my work schedule and where I was able to have my break." She had previously filed a police report against him. The incident in question made her worried that defendant was not going to leave her alone. Defendant's actions made her "scared," "uncomfortable," "trapped," and "mad."

Defendant testified that he sat near the only available ashtray. However, Kelly testified that the room was sparsely populated at the time, with only three or four other people in it. After viewing photographs of the room, the trial court concluded that defendant could have moved the ashtray and sat elsewhere. The trial court found defendant guilty and sentenced him to two years' probation. Defendant timely appealed.

Defendant contends that the evidence was insufficient to prove that he knowingly made insulting or provoking contact with Kelly. Generally, where a defendant challenges on appeal the sufficiency of the evidence, we ask only whether, after viewing all the evidence in a light most favorable to the prosecution, a rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. People v. Collins, 214 Ill. 2d 206, 217 (2005). Defendant contends, however, that we should apply de novo review because he does not dispute the trial court's factual findings, but contends that, as a matter of law, the battery statute does not punish the conduct attributed to him. Where the facts are not in dispute, a defendant's guilt is indeed a question of law that we review de novo. People v. Smith, 191 Ill. 2d 408, 411 (2000). The State does not dispute defendant's contention about the correct standard of review. Regardless of the standard of review, however, we find that the State proved that defendant's conduct violated the statute.

Defendant was convicted under a statute prohibiting knowingly making "physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12--3(a)(2) (West 2006). Defendant contends that this case involves the type of incidental touching that is inevitable in everyday life and cannot be criminalized regardless of the victim's reaction. The State responds by noting that " 'a particular physical contact may be deemed insulting or provoking based upon the factual context in which it occurs.' " People v. Peck, 260 Ill. App. 3d 812, 814 (1994), quoting People v. d'Avis, 250 Ill. App. 3d 649, 651 (1993). The State contends that, in light of the parties' relationship and the particular circumstances of the offense, the trial court could reasonably conclude that defendant went out of his way to provoke the victim.

There are surprisingly few cases interpreting the insulting-or-provoking-contact provision. We acknowledge that the majority of cases have involved more violent contact than that at issue here. See People v. Robinson, 379 Ill. App. 3d 679, 681 (2008) (defendant punched victim); People v. Pinta, 210 Ill. App. 3d 1071, 1071 (1991) (defendant touched victims' crotch area); People v. Margiolas, 117 Ill. App. 3d 363, 367 (1983) (defendant had nonconsensual sex with victim). However, the statute's plain language defines the offense in terms of contact that insults or provokes the victim, not contact that injures the victim. Cf. 720 ILCS 5/12--3(a)(1) (West 2006) (person commits battery if he or she knowingly causes bodily harm to an individual).

Cases support the State's position that contact that does not injure the victim can be insulting or provoking depending on the context. See Peck, 260 Ill. App. 3d at 813, 814-15 (defendant belligerently spit on police officer who was investigating a "neighborhood disturbance"); People v. Dunker, 217 Ill. App. 3d 410, 415 (1991) (defendant poked his son's teacher in the chest while arguing in a parking lot).

The case on which defendant principally relies, <u>People v. Craig</u>, 46 Ill. App. 3d 1058 (1977), is distinguishable. There, the defendant, a hospital security guard, touched the complainant while removing a camera from her hand. The hospital had a policy against cameras. The appellate court reversed the conviction, finding no evidence that the defendant had any intention other than enforcing the hospital policy. <u>Craig</u>, 46 Ill. App. 3d at 1060.

Here, by contrast, the contact occurred in the context of a failed relationship. There was evidence that defendant had been stalking Kelly, often sitting and staring at her for long periods. There was evidence that, on the date of the incident, the smoking room was not crowded, but that defendant purposely sought out a seat close to where Kelly was sitting. Kelly testified that, in light of the history of their relationship, the incident in question made her feel "scared," "uncomfortable," "trapped," and "mad." Although defendant claimed that he sat near the only available ashtray, the trial court found, based on photographs, that the ashtray was moveable and that defendant could simply have taken it to another area. Defendant does not dispute these facts.

Based on this evidence, the trial court reasonably concluded that defendant intentionally sat where he was bound to come in contact with the victim and that he knew that this conduct would provoke her. Thus, while the conduct might be completely innocent in another context, under the facts here the court could find that defendant knowingly provoked the victim. See <u>Peck</u>, 260 Ill. App. 3d at 814-15.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

ZENOFF, P.J., and HUDSON, J., concur.