**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (3d) 180330-U

Order filed November 13, 2019

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0330 Circuit No. 17-CM-2292 |
| | ) | |
| WILLIAM D. WICHMANN, | ) ) | Honorable Chrystel L. Gavlin, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE SCHMIDT delivered the judgment of the court.
Justices Carter and O'Brien concurred in the judgment.

**ORDER**

¶ 1 　　*Held*:　The trial court did not err in finding defendant guilty of misdemeanor battery where the State presented sufficient evidence to show defendant knowingly made physical contact that was of an insulting or provoking nature.

¶ 2 　　In August 2017, defendant, William D. Wichmann, was at a casino. He approached the victim, Rachel Owen, as she was working at a craps table. Defendant reached out and grabbed Owen's hair, causing Owen to turn toward defendant and pull her hair away from his grasp. Casino security captured this incident on video. The State charged defendant with

misdemeanor battery. The case proceeded to a bench trial. The trial court found defendant guilty and sentenced him to 18 months' court supervision. On appeal, defendant argues he lacked the mental state necessary for a finding of guilt, in that he did not intend his contact to be insulting or provoking. We affirm.

¶ 3                                    I. FACTS

¶ 4        The State presented the following evidence at trial.

¶ 5        On August 25, 2017, Owen was an employee of a casino and was working at a table game. Defendant was a casino regular; Owen knew him through the course of her employment. On that night, defendant was playing at Owen's table. She exchanged basic pleasantries with him.

¶ 6        Casino surveillance footage captured the incident. In the video, Owen is working at a craps table. Defendant is standing behind her watching the table. At one point, defendant leans in to get a closer view of the table but is careful not to lean too far, keeping his arms close into his body. Then defendant reaches out and grabs Owen's hair. Owen immediately reaches for her ponytail, turns her head, and grabs her hair away from defendant.

¶ 7        Owen testified that the encounter left her feeling "disgusted and angry that somebody would think it was okay to come up behind somebody while they were working and put their hands on them." She never gave defendant any indication that he could physically touch her. She told defendant "don't touch me" when she turned around.

¶ 8        A fellow casino employee, Kiyaka Culp, also testified for the State. She saw defendant reach out for Owen's ponytail. She spoke to Owen about the incident. She described Owen as upset and furious about what happened. It was not normal for the players to touch the dealers.

¶ 9    Defendant called Peter Schimmel, a gambling acquaintance, to testify on his behalf. He heard Owen say "don't touch me" after the incident but did not actually see defendant touch her hair. Schimmel told defendant not to touch the dealers, as it could get him in trouble.

¶ 10    Defendant testified on his own behalf. On the night in question, he described the mood as fun and playful. He admitted to touching and lightly tugging Owen's hair. He thought she would laugh but, instead, told him not to touch her. He denied his actions were intended to provoke or insult Owen.

¶ 11    The trial court found defendant guilty of misdemeanor battery, sentencing him to 18 months' court supervision.

¶ 12    II. ANALYSIS

¶ 13    On appeal, defendant argues the State failed to prove beyond a reasonable doubt that he intended to insult or provoke Owen by pulling her hair. Defendant's only challenge is to the sufficiency of the evidence as to his mental state.

¶ 14    When a reviewing court considers a challenge to the sufficiency of the evidence it must determine " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis omitted.) *People v. Cunningham*, 212 Ill. 2d 274, 278 (2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The reviewing court shall not retry the defendant. *People v. Smith*, 185 Ill. 2d 532, 541 (1999). Instead, we shall "carefully examine the evidence while giving due consideration to the fact that the [trial] court *** saw and heard the witnesses." *Id.* The State need not prove each link in a crime beyond a reasonable doubt but must present sufficient evidence that, when taken together, proves a defendant's guilt beyond a reasonable doubt. *In re Jonathon C.B.*, 2011 IL 107750, ¶ 60. We will not overturn

the court's verdict unless it was so unreasonable, improbable, or unsatisfactory as to create a reasonable doubt as to the defendant's guilt. *People v. Brown*, 169 Ill. 2d 132, 152 (1996).

¶ 15 A person commits battery if he "knowingly without legal justification by any means *** makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3(a)(2) (West 2016). Defendant focuses his argument on lack of intent. He argues that although he intentionally touched Owen's hair, he did not intend the contact to be of an insulting or provoking nature. He therefore could not be in the proper state of mind to commit a battery.

¶ 16 Defendant misinterprets the statutory requirements for battery. If the case came before a jury, the State would have to prove the following propositions, "[t]hat the defendant *** knowingly *** made physical contact of an insulting or provoking nature with *** [Owen]." Illinois Pattern Jury Instructions, Criminal, No. 11.06 (approved July 18, 2014). The required mental state of knowledge corresponds with defendant's conduct, not the end result. See *People v. Lutz*, 52 Ill. App. 3d 732, 735 (1977) ("That opinion indicates that [the] objection was made only to the failure of the count to allege that the accused's conduct was knowing or intentional."); *People v. Phillips*, 392 Ill. App. 3d 243, 256 (2009) (" '[T]he criminality of a defendant's conduct depends on whether he acted knowingly or intentionally, or whether his conduct was accidental.' ") (quoting *People v. Robinson*, 379 Ill. App. 3d 679, 684-85 (2008)). Defendant admits that he knowingly made contact with Owen's hair. The remaining element requires the contact to be insulting or of a provoking nature.

¶ 17 Although most battery cases involve more violent contact, *People v. DeRosario*, 397 Ill. App. 3d 332 (2009), interprets battery under the insulting-or-provoking-contact provision. In *DeRosario*, the defendant and the victim worked in the same office building. *Id.* They were originally friends, but that relationship ended. *Id.* The defendant approached the victim in a

common area of the building, sat directly behind her, and rested his knees against the back of her body. *Id.* at 333. After a bench trial, the court found the defendant guilty under the same charging statute used here. *Id.* On appeal, the reviewing court focused on the statute's language that "defines the offense in terms of contact that insults or provokes the victim." *Id.* at 334. The court noted that context matters in these cases. *Id.* Behavior that might be acceptable in some situations is not universally acceptable. *Id.* "[A] particular physical contact may be deemed insulting or provoking based upon the factual context in which it occurs." (Internal quotation marks omitted.) *People v. Peck*, 260 Ill. App. 3d 812, 814 (1994).

¶ 18        We hold that defendant's conduct reached "physical contact of an insulting or provoking nature" within the meaning of section 12-3(a)(2) of the Criminal Code of 2012 (720 ILCS 5/12-3(a)(2) (West 2106)). Reaching out from behind and touching a woman's hair, while she was at work in the middle of her duties, is a contact of an insulting or provoking nature. Defendant knew what was appropriate at a casino. He frequented casinos for over a decade. In the video, he draws his arms back as he watches the game so as not to cross over the table. Culp testified that she had never seen someone act as defendant did in the video at a casino; players very rarely touch dealers. Owen was furious and disgusted after the incident. She is seen in the video immediately turning toward defendant, drawing her hair away from defendant's hand. No one disputed that she immediately told defendant not to do that. Defendant's witness, Schimmel, told defendant he should not touch the dealers at a casino. This was universally unacceptable behavior in this context. It should be presumed that a defendant intended the probable consequences of his actions. *People v. Lind*, 307 Ill. App. 3d 727, 735 (1999).

¶ 19	In light of the evidence, it was not improbable for the trial court to find defendant guilty of misdemeanor battery beyond a reasonable doubt.

¶ 20	III. CONCLUSION

¶ 21	For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

¶ 22	Affirmed.