NOTICE
Decision filed 07/07/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 190217-U

NO. 5-19-0217

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Montgomery County. |
| | ) | |
| v. | ) | No. 18-CF-78 |
| | ) | |
| LANCE M. DAVIDSON, | ) | Honorable |
| | ) | James L. Roberts, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Presiding Justice Boie and Justice Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's conviction is affirmed where sufficient evidence existed to support conviction of aggravated battery against a correctional officer.

¶ 2    Following a jury trial in which defendant, Lance M. Davidson, represented himself, defendant was convicted of aggravated battery (720 ILCS 5/12-3.05(d)(4)(i) (West 2018)) and was sentenced to 3½ years' imprisonment. Defendant appeals, arguing that the State failed to produce sufficient evidence for the conviction. For the following reasons, we disagree.

¶ 3                                I. BACKGROUND

¶ 4    On April 2, 2018, defendant was charged, by information, with one count of aggravated battery, a Class 3 felony, in that he knowingly, without legal justification, pushed Correctional Officer Jim Stitt in the chest with his hands on March 28, 2018, knowing Officer Stitt to be a

1

correctional institution employee engaged in the execution of his official duties, in violation of section 12-3.05(d)(4)(i) of the Criminal Code of 2012. 720 ILCS 5/12-3.05(d)(4)(i) (West 2018). An amended information was filed on June 22, 2018, indicating that the violation was a Class 2 felony.

¶ 5    At trial, the evidence revealed that on March 28, 2018, defendant returned to the Montgomery County jail following a Montgomery County court appearance. Defendant was angry that he had not been released and was yelling and cussing. Officer Stitt testified that after a dry erase board containing the detainees' names was knocked off the door and fell to the floor, he proceeded down the hallway until he got to North Day 2. There, Officer Stitt observed the defendant standing in front of the doors screaming and cussing. Officer Stitt testified that he asked defendant what the problem was, and defendant provided responsive comments but continued to scream and cuss while standing in front of a window in the door. The officer averred that he advised defendant to calm down, but defendant was still "worked up" and cussing. The officer then told defendant he was going to be put on a lock down and defendant replied that he would not go on lock down.

¶ 6    Officer Stitt testified that after defendant stated that he would not go on lock down, he called up to the dispatch area, where they open and close the cell doors to the main hallway, and requested they open the cell door to North Day 2 where defendant was located. Officer Stitt stepped inside the area and again told defendant he was going to go on lock down. Defendant stated "no, he would not go" and told the officer that he would have to "make him" go on lock down. In response, Officer Stitt stepped towards defendant, who then ran down the far wall to the very end of the cell. Officer Stitt testified that he then stepped across to the wall and started to walk towards defendant. Defendant then came down the front wall, in front of the windows, and jumped across

2

the table, ending at the door where he was first standing when the officer came in. The officer testified that he stepped over and cut off defendant so he could not run down the cell again. Officer Stitt testified that when he stepped toward defendant, defendant moved toward him and shoved him in the chest, causing him to step backwards. The officer then spun defendant around and put him in his cell. Officer Stitt confirmed that he was not injured by the contact.

¶ 7    Officer Stitt explained that if situations, like yelling and screaming, were not addressed, depending on how many people are in the area, it could get out of control. He testified that two other inmates were in the same area where the incident with defendant took place. The officer testified that he knew defendant was angry when he stepped into the cell because defendant was shaking, moving his arms, acting agitated, and cussing. Officer Stitt confirmed he was wearing a correctional officer uniform when the incident occurred and further confirmed there was no video of the altercation. Thereafter, the State rested.

¶ 8    Defendant called Derrick Wallace to testify. Wallace was an inmate in the Montgomery County jail on March 28, 2018. He stated he was aware of the incident between Officer Stitt and defendant and testified that he saw defendant running around the cellblock and jumping over the table. Wallace testified that he heard defendant shouting but did not see any physical contact between defendant and the officer. He stated that he was trying to wake someone up in his cell and missed the very end of it. He further stated that, even if he had not turned around, his view was obstructed, as he could not see the corner where the incident occurred.

¶ 9    Defendant provided testimony on his own behalf, stating that on March 28, 2018, he went to court expecting that he might be getting released from jail. That turned out not to be the case, and when he returned, he was stressed over family issues, so he kicked the steel doors and was yelling. He stated that he was not upset with anything or anybody at the jail but was just upset in

3

general after the court appearance. He acknowledged that Officer Stitt came down to check on the commotion. Defendant stated that he was not necessarily yelling at Officer Stitt; he was upset, and Officer Stitt was there. Defendant admitted that the officer told him to go to lock down, but he refused. He admitted running away from Officer Stitt but stated he never hit Officer Stitt.

¶ 10   The jury found the defendant guilty on July 23, 2018. Defendant filed a notice of appeal and motion for retrial on August 10, 2018. The motion for retrial was denied, and on November 8, 2018, the trial court sentenced defendant to 3½ years' imprisonment. On November 26, 2018, defendant moved for a reduction of sentence and filed a second notice of appeal. On April 24, 2019, defendant filed an amended motion for reduction of sentence, which was denied by the trial court in a docket entry dated May 22, 2019. A third notice of appeal was filed on May 29, 2019, and an amended notice of appeal was filed on June 20, 2019.

¶ 11                                II. ANALYSIS

¶ 12   On appeal, defendant contests the sufficiency of evidence at trial, claiming his conviction should be reversed because the State failed to prove that his actions of pushing Officer Stitt away were of an insulting or provoking nature. "Where a criminal conviction is challenged based on insufficient evidence, a reviewing court, considering all of the evidence in the light most favorable to the prosecution, must determine whether any rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime." *People v. Brown*, 2013 IL 114196, ¶ 48. In such cases, "a criminal conviction will be reversed where the evidence is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of the defendant's guilt." *Id*. However, when the defendant's challenge to the sufficiency of the evidence does not question the credibility of the witnesses, and instead, questions whether the uncontested facts were sufficient

to prove the elements of the crime, our review is *de novo*. *People v. Smith*, 191 Ill. 2d 408, 411 (2000). Here, defendant contends the facts are not in dispute and therefore requests *de novo* review.

¶ 13 "*De novo* review does not apply in every case where the facts are not in dispute." *People v. Ford*, 2015 IL App (3d) 130810, ¶ 16. If reasonable persons can draw different inferences from the facts, "it is left to the trier of fact to resolve those questions." *People v. Brown*, 345 Ill. App. 3d 363, 366 (2003) (citing *Jackson v. TLC Associates, Inc.*, 185 Ill. 2d 418, 424 (1998)). Here, we note that at trial defendant contended that he never touched Officer Stitt. On appeal, defendant now concedes he had contact with Officer Stitt, but the action was only a "push," and "was not even enough of a push to succeed" in defendant's attempt to resist lock down. Conversely, the State argues defendant's action did not involve "incidental contact" but was a purposeful shove with enough force to cause the officer to step backward. These contrary versions demonstrate that the inference drawn from the facts is very much in dispute. As such, we find the appropriate standard of review to be that which requires deference to the fact finders' inferences.

¶ 14 To sustain a conviction for aggravated battery, the State was required to prove that defendant (1) knowingly; (2) without legal justification; (3) made contact of an insulting or provoking nature; (4) knowing the complainant to be a correctional institution employee. 720 ILCS 5/12-3.05, 12-3 (West 2018). Defendant concedes three of the four elements were proven, and his sole contention on appeal is that the State failed to prove he made contact of an insulting or provoking nature. Whether physical contact is insulting, or provoking, depends upon the factual context in which the contact occurs. *People v. Peck*, 260 Ill. App. 3d 812, 814 (1994).

¶ 15 Defendant claims his contact was merely a reaction to Officer Stitt trying to restrain him and there was no evidence that defendant's contact was of an insulting or provoking nature. In support, defendant contends that the officer knew that defendant's anger was not caused by the

officer's actions but stemmed from his earlier court appearance. Defendant further contends that based on the officer's actions following the contact, as well as the officer's testimony at the hearing, the evidence failed to reveal that the officer was insulted or provoked by defendant's actions. Defendant's contentions have no merit. It is not necessary for a victim to testify that he was insulted or provoked. *People v. Wrencher*, 2011 IL App (4th) 080619, ¶ 55. The trier of fact may consider the context of defendant's contact when determining whether the contact was insulting or provoking. *People v. Fultz*, 2012 IL App (2d) 101101, ¶ 49.

¶ 16    Here, the physical contact was precipitated by defendant's intentional disregard of the officer's verbal command to lock down and subsequent taunting of the officer evidenced by defendant's statement to the officer that he would have to "make him" go into lock down. When the officer entered the cellblock area, defendant attempted to evade the officer by running to the opposite side of the area and jumping over a table. As the officer took steps to cut off defendant's attempt at further evasion, defendant amplified the situation by moving directly toward the officer and made contact, based on defendant's own statements, intended to avoid or delay capture and lock down. Defendant's contact with the officer was neither accidental nor incidental. In this context, it would be reasonable for the jury to infer that defendant's act of defiance was "insulting" to the officer and his authority. It would be equally reasonable for the jury to infer that defendant's escalation to physical contact would be considered "provoking" the officer into a physical altercation. As such, a rational trier of fact could have found beyond a reasonable doubt that defendant's contact with Officer Stitt was of an insulting or provoking nature.

¶ 17                                III. CONCLUSION

¶ 18    For the foregoing reasons, we affirm the defendant's conviction.

6

¶ 19   Affirmed.