2022 IL App (2d) 210602-U
No. 2-21-0602
Order filed July 26, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 20-CM-1473 |
| BRANDON A. WILLIAMS, | ) ) | Honorable Keith A. Johnson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*: (1) At defendant's trial for aggravated domestic battery, there was sufficient evidence that the victim, defendant's girlfriend, was insulted or provoked when defendant pushed her, but there was insufficient evidence that defendant knowingly caused the bodily harm she sustained when she stumbled from the push and scraped herself against a lawn chair. Accordingly, we modify the trial court's judgment. (2) Regardless of whether the State's comment in closing argument shifted the burden of proof to defendant, the record shows that the trial court was not influenced by the comment.

¶ 2    Following a bench trial in the circuit court of Kane County, defendant, Brandon A. Williams, was found guilty of two counts of domestic battery (720 ILCS 5/12-3.1(a)(1), (a)(2) (West 2020)). Count I alleged that defendant "knowingly caused bodily harm to Dana Anderson,

a family or household member of the defendant, in that said defendant pushed [the] victim backwards causing her to strike a hard plastic lawn chair and sustain a [*sic*] abrasion in the middle of her back." Count II alleged that defendant "knowingly made physical contact of an insulting nature with Dana Anderson, a family or household member of said defendant, in that said defendant pushed [the] victim backwards with his hands." Finding that count II merged into count I, the trial court entered a judgment of conviction on count I and sentenced defendant to 15 days in the county jail and an 18-month term of probation. Defendant argues on appeal that the State failed to prove his guilt beyond a reasonable doubt and, alternatively, that we should reverse and remand for a new trial because the State's closing argument improperly shifted to him the burden of proving his innocence. We modify the judgment by vacating defendant's conviction on count I and entering a judgment of conviction on count II.

¶ 3                                    I. BACKGROUND

¶ 4      At defendant's bench trial, Dana Anderson testified that she was in a relationship with defendant. They had a five-year-old daughter but did not live together. Anderson recalled an altercation with defendant that occurred on Sunday, June 21, 2020, which was Father's Day. Anderson and defendant had not been getting along, but Anderson did not remember why. Anderson went out to dinner that night with a friend. Anderson had a few drinks and became "buzzed," so her friend drove her home; Anderson did not want to try driving herself. She arrived home around 9 or 10 p.m. She believed that defendant had phoned her, probably more than once, earlier in the day. Anderson did not recall whether she spoke with defendant on the phone when he called. Anderson believed that defendant called because he wanted to visit his daughter for Father's Day.

¶ 5    When Anderson returned from dinner, defendant was either waiting outside her home or came by later. Anderson spoke with defendant outside. Defendant was upset that Anderson had not answered her phone on Father's Day. Anderson testified that "[defendant] threw my phone and *I guess* he pushed me." (Emphasis added.) Anderson's phone's screen shattered. She may have pushed or hit defendant after he threw her phone but before he pushed her. Asked what happened as a result of being pushed, Anderson replied, "I think like I bumped into a chair." Asked how she felt after being pushed, Anderson responded, "I was probably upset." Anderson testified that she scraped her back on the chair but did not notice the scrape until the next morning. She then contacted the police and provided a signed handwritten statement describing the incident.

¶ 6    Anderson stated that she did not want to testify against defendant and was doing so only because she had been subpoenaed.

¶ 7    On cross-examination she testified without qualification that she had pushed defendant after he threw her phone. She also contradicted her testimony on direct examination that defendant had pushed her. She further testified that she did not know what caused the scrape on her back. She did not recall attending a pool party with her daughter on June 21, 2020, before going out to dinner, but it was possible that she did. If she had attended the pool party, the scrape on her back could have come from jumping in and out of the pool.

¶ 8    On redirect examination, Anderson again stated—consistent with her direct examination— that defendant pushed her. She also stated that she did not remember whether she made any physical contact with him before he pushed her.

¶ 9    On June 22, 2021, Anderson contacted the police and provided a signed handwritten statement describing the incident. The following sentence from the written statement was admitted

as substantive evidence under section 115-10.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-10.1 (West 2020)): "[Defendant] shoved me and I fell into a lawn chair."[1]

¶ 10    The trial court found defendant guilty of both counts. The trial court noted that Anderson's demeanor on the witness stand was "reluctant, hesitant, perhaps even fearful."  The trial court acknowledged that Anderson's testimony gave conflicting versions of what occurred, which, "[a]t first glance," might give rise to a reasonable doubt of defendant's guilt.  However, the trial court explained that "the answer is not that simple, particularly in a domestic violence case such as this one."  The trial court also had to consider Anderson's signed handwritten statement to the police, which it found credible.  As for Anderson's testimony, the trial court found that she had a motive to lie on the witness stand to protect defendant; she may have repaired their relationship since the incident, and they may be amicably coparenting their child.

---

[1]Section 115-10.1 provides:

"In all criminal cases, evidence of a statement made by a witness is not made inadmissible by the hearsay rule if

 (a) the statement is inconsistent with his testimony at the hearing or trial, and

 (b) the witness is subject to cross-examination concerning the statement, and

 (c) the statement—

  ***

 (2) narrates, describes, or explains an event or condition of which the witness had personal knowledge, and

  (A) the statement is proved to have been written or signed by the witness[.]"  725 ILCS 5/115-10.1 (West 2020).

¶ 11    The trial court determined that count II (insulting or provoking) merged into count I (bodily harm), and so the trial court entered a judgment of conviction on count I alone.  After sentencing, defendant filed this timely appeal.

¶ 12                                II. ANALYSIS

¶ 13    Defendant initially challenges the sufficiency of the evidence to sustain his conviction.  He maintains that Anderson's testimony against him was "rife with inconsistencies and contradictions and she openly admitted *** that her consumption of alcohol earlier in the evening in question and the passage of time substantially impaired her initial observations and her subsequent recollection of the incident."  Defendant further contends that "[Anderson's] unsworn written statement ***, which the trial court admitted as substantive evidence as a prior inconsistent statement, lacked the necessary detail to remedy the defects in her trial testimony, overcome [defendant's] constitutionally-guaranteed presumption of innocence, and satisfy the State's burden to prove him guilty beyond a reasonable doubt."

¶ 14    Section 12-3.2(a) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/12-3.2(a) (West 2020)) provides:

"(a) A person commits domestic battery if he or she knowingly without legal justification by any means:

(1) Causes bodily harm to any family or household member;

(2) Makes physical contact of an insulting or provoking nature with any family or household member."

¶ 15    When reviewing a challenge to the sufficiency of the evidence, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' "

(Emphasis in original.) *People v. Collins*, 106 Ill. 2d 237, 261 (1985) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Furthermore, "[t]he weight to be given the witnesses' testimony, the credibility of the witnesses, resolution of inconsistencies and conflicts in the evidence, and reasonable inferences to be drawn from the testimony are the responsibility of the trier of fact." *People v. Sutherland*, 223 Ill. 2d 187, 242 (2006). A reviewing court will not substitute its judgment for that of the trier of fact regarding the weight of the evidence and the credibility of the witnesses. *People v. Brown*, 2013 IL 114196, ¶ 48. "We will set aside a defendant's conviction only if the evidence against him is so improbable or unsatisfactory that it creates a reasonable doubt of his guilt." *People v. Torres*, 2021 IL App (2d) 200420, ¶ 18 (citing *Collins*, 106 Ill. 2d at 261).

¶ 16    Defendant argues that "[t]he State failed to prove that [defendant] made contact of any kind with Anderson." Defendant argues that, because Anderson had been drinking on the evening of the incident, neither her testimony at trial nor her statement to the police the day after the incident was credible. We disagree. Anderson testified that she had a few drinks, which left her "buzzed" and not in a condition to drive safely. It does not follow that Anderson was too impaired to perceive defendant's conduct toward her and to provide a reliable account of the incident. We will not substitute our judgment for the trial court's as to the credibility of Anderson's account.

¶ 17    Defendant argues that we should set aside the trial court's credibility determination where Anderson merely testified that she "guess[ed]" that defendant pushed her. However, the trial court was entitled to rely on the portion of Anderson's signed written statement that was admitted as substantive evidence and was unequivocal: "[Defendant] shoved me and I fell into a lawn chair."

¶ 18    Defendant next argues that the State failed to prove either that (1) defendant "knowingly" caused bodily harm to Anderson or (2) his physical contact insulted or provoked Anderson. We

accept the first point but reject the second. Section 4-5 of the Criminal Code (720 ILCS 5/4-5 (West 2020)) provides, in pertinent part:

"A person knows, or acts knowingly or with knowledge of:

\*\*\*

(b) The result of his or her conduct, described by the statute defining the offense, when he or she is consciously aware that that result is practically certain to be caused by his conduct."

¶ 19    The evidence that defendant pushed or shoved Anderson does not prove beyond a reasonable doubt that defendant was aware his conduct was practically certain to result in bodily harm. Accordingly, the State failed to prove aggravated battery based on bodily harm.

¶ 20    However, the evidence was sufficient to establish that Anderson was insulted or provoked. "[A] defendant cannot be found guilty of battery based on 'physical contact of an insulting or provoking nature with an individual' without some form of proof that the victim was insulted or provoked." *People v. Ward*, 2021 IL App (2d) 190243, ¶ 53. "While \*\*\* a victim does not have to testify that he or she was insulted or provoked by a defendant's physical contact, there must be evidence presented from which a trier of fact could logically infer that the victim was insulted or provoked." *Id.* ¶ 56. Whether a particular form of contact is insulting or provoking may depend on the context in which it occurs. *People v. DeRosario*, 397 Ill. App. 3d 332, 334 (2009). Here, there was evidence that defendant was upset with Anderson and had just damaged an item of her property before shoving her. Anderson testified that she and defendant had not been getting along and she was "probably upset" when he pushed her. The trier of fact could reasonably infer that Anderson was insulted or provoked by being shoved.

¶ 21 Defendant next contends that the prosecution improperly argued on rebuttal that Anderson's testimony was inconsistent because she was affected by defendant's presence and conduct in court. For instance, the prosecutor argued:

"[A]s Your Honor noticed and I believe other individuals in the courtroom probably noticed, the defendant had verbal reactions throughout this trial. He threw his head back. He made very noticeable reactions to things going on in this trial. He did not sit there quietly. That also could have had an effect on the ability of our witness to testify in line or credibly or not to be distracted."

¶ 22 Defendant argues that these remarks, which were based on defendant's conduct while not testifying, improperly shifted to him the burden of proving his innocence. Assuming for the sake of argument that the prosecutor's remarks were improper, we find no basis for reversing the trial court's finding of guilt. "Improper remarks during closing argument are reversible error only when they cause substantial prejudice to the defendant." *People v. Kallal*, 2019 IL App (4th) 180099, ¶ 35. "Substantial prejudice occurs if the improper remarks were a material factor in the defendant's conviction." *Id.* Here, the trial court assessed the credibility of Anderson's testimony based on her demeanor while testifying and her possible motive to protect defendant. The trial court never suggested that it agreed with the State's argument that Anderson's testimony was affected by defendant's presence or demeanor in the courtroom. To the contrary, when the trial court later considered whether to revoke defendant's bail, the trial court stressed that defendant's behavior in the courtroom during the trial had no impact on the trial court's decision to find defendant guilty. The trial court unequivocally stated that "how the defendant behaved or did not behave—whether it was good, bad, or indifferent during the trial—that in no way affected the Court's decision."

¶ 23                    III. CONCLUSION

¶ 24    For the reasons stated, we modify the judgment of the circuit court of Kane County by

vacating the judgment of conviction on count I and entering a judgment of conviction on count II.

¶ 25    Judgment affirmed as modified.